THE STATE ex rel. J. B. HARPER & SON v. THE JUDGE OF THE NINTH JUDICIAL DISTRICT.

The Act of 19th of March, 1857, providing for an interchange between the Judges of the 7th and 9th Districts, intended that, after the elections of April, 1857, those Judges should first hold the regular *series* of jury terms, each in his own district, before commencing the interchange.

The meaning of ambiguous words, &c., in a law, may be ascertained by examining and comparing with them the context of the law, and by considering its reason and spirit, and the cause inducing its enactment. C. C. 16, 18.

ON an application for a *mandamus* to the Judge of the Ninth Judicial Dis. trict, *Harralson, J. U. B. & E. Phillips*, for relator.

SPOFFORD, J. The issue presented by the District Judge in his answer to the application for a *mandamus*, compels us to construe the Act, approved March 19th, 1857 (p. 270,) "to require the Judges of the Seventh' and Ninth Judicial Districts to interchange."

It provides that after their election in April next, and after the first terms of their courts in their respective districts, the Judge of the Seventh District shall preside and hold the courts in the Ninth District, and the Judge of the Ninth District shall preside and hold the courts in the Seventh District, and so to continue alternating and interchanging, as not to hold courts consecutively in the same district for the trial of jury cases, as long as there are any recused cases in either of said districts."

Looking not to any single word but to the whole scope of this statutory provision, we think its obvious meaning is, that the Judge of each of the two districts in question, shall hold the regular series of jury terms, first throughout his own district, and then throughout the other district; for the Judge of each district is not required to commence a system of interchange, until he shall first have held "the courts," not *a* court in his own district; each is then required to preside and hold "the courts," not *a* court in the neighboring district; and this system thus inaugurated, is to be kept up by each Judge alternately holding the "courts" (i. e., the series of courts) in his own district and in the neighboring district, until the recused cases to be tried by preference are exhausted. The restriction upon the Judges "not to hold courts consecutively in the same district for the trial of jury cases," does not, as the respondent contends, inhibit them from going through the *parishes* of the same district consecutively, to hold a regular series of interchange terms, but was intended to prevent them from holding two series of interchange terms consecutively in the same district.

"Where the words of a law are dubious, their meaning may be sought by examining the context with which the ambiguous words, phrases and sentences, may be compared, in order to ascertain their true meaning." C. C. 16.

"The most universal and effectual way of discovering the true meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it." C. C. 18.

It is, therefore, ordered, that a peremptory *mandamus* issue, commanding the Honorable the Judge of the Ninth District to hold said term of court on Tuesday, the 15th of December instant, as prayed for.