(53 South. 322.)

No. 18,283.

NEW ORLEANS G. N. R. CO. v. RAILROAD
COMMISSION OF LOUISIANA.

(June 20, 1910.)

*(Syllabus by the Court.)*

RAILROADS (§ 9*)—PROCEEDINGS TO ANNUL
ORDER OF RAILROAD COMMISSION.

The Railroad Commission of Louisiana, after a hearing between parties interested, ordered on November 23, 1909, the plaintiff company within 90 days from the order to build and complete a suitable passenger and freight depot in the town of Franklinton, La., to be located on square 13 on the official map thereof. The company was notified of the order on November 28, 1909. On April 14, 1910, the proceeding was instituted, seeking to have the order annulled as unreasonable, unjust, and oppressive, and as denying to it the equal protection of the law.

The defendant, in bar of the action pleaded the exception of prescription of 3 months under sections 2 and 3 of Act No. 171 of 1908. The trial court sustained the exception and dismissed the suit. The plaintiff has appealed. The judgment appealed from is correct, and it is hereby affirmed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 19; Dec. Dig. § 9.*]

Provosty, J., dissenting.

Appeal from the Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Action by the New Orleans Great Northern Railroad Company against the Railroad Commission of Louisiana. Judgment of dismissal, and plaintiff appeals. Affirmed.

Benj. M. Miller, Lindsay McDougall, and L. A. Morphy, for appellant. Walter Guion, Atty. Gen., and T. Jones Cross (R. G. Pleasant and Prentiss B. Carter, of counsel), for appellee.

Statement of the Case.

NICHOLLS, J. The plaintiff, in its petition filed April 4, 1910, alleged:

That it is the owner of and is operating a line of railroad from the city of New Orleans, La., to the city of Jackson, Miss., with a branch line from Rio, in Washington parish, to and through the town of Franklinton, in said parish, to Tylertown, in the state of Mississippi, which branch line is known as the "Bogue Chitto Branch."

That petitioner began to operate its said branch into the said town of Franklinton in the month of April, 1907. That at the time petitioner established and located its passenger and freight depot in said town of Franklinton on square 6 of said town, according to the official map thereof, upon property then and now owned by petitioner, and petitioner has ever since that time maintained its said depot on said square 6. That prior to the 3d day of November, 1909, petitioner began the erection of a new and more commodious passenger and freight depot on said square 6 of said town of Franklinton, and had upon the ground the material for the construction of said depot, and had its workmen present for the construction of said depot, and had said depot partially constructed, when petitioner was served with an order by the honorable Railroad Commission of Louisiana, requiring and commanding petitioner to discontinue building said depot and to show cause before said Railroad Commission why its depot should not be located on square 13 of said town of Franklinton.

That on the 24th day of November, 1909, the honorable Railroad Commission of Louisiana made and issued its order commanding and requiring this petitioner within 90 days thereafter to build and complete a suitable passenger and freight depot in the town of Franklinton, La., the said depot to be located on square 13 as designated on the official map thereof, as by a duly certified copy of said order, hereto attached and made part of this petition, will appear.

And petitioner alleges that said Railroad Commission had and has no right, power, authority, or jurisdiction to require petitioner to cease and discontinue the building of its depot upon said square 6 of said town, or to

require it to build its depot upon said square 13 of said town, or upon any other designated square or place in said town, and had and has the right only to require petitioner to build a suitable depot within said town, which petitioner was doing when said order of said Railroad Commission was served upon it; and alleges that the depot which was being constructed by it upon said square 6 at the time the construction thereof was prohibited by said Railroad Commission was a suitable passenger and freight depot, and that petitioner intended to expend and would have expended in the construction of said depot the sum of $2,500, that said square 6 of said town was and is a proper, convenient, and suitable place for such depot, and was and is a more proper, convenient, and suitable place therefor than said square 13.

And petitioner alleges that the order of the Railroad Commission requiring petitioner to construct its depot upon square 13 of the town of Franklinton is unreasonable, unjust, and oppressive, and will require this petitioner to expend in grading, in the construction of platforms and tracks, in the removing and rebuilding of structures on said square 6, and in other ways, at least the sum of $1,500 more than the amount necessary and required to be expended in the construction of the same kind of depot and structures on said square 6. And petitioner alleges that said order deprives petitioner of its property without due process of law, and denies to it the equal protection of the laws as guaranteed by the Constitution of the United States.

In view of the premises, petitioner prays that said order of said Railroad Commission, requiring and commanding petitioner to build and complete a suitable passenger and freight depot upon said square 13 of said town of Franklinton, be annulled and set aside, and that petitioner be permitted and authorized to construct its said depot upon square 6 of said town. And petitioner prays for all further necessary orders in the premises, and for general relief, and for costs.

Annexed to the petition was the order therein referred to, which reads as follows:

"Citizens of Franklinton v. The New Orleans Great Northern Railroad Company.

"Location of Depot at Franklinton.

"Appearances: T. Jones Cross, Esq., Prentiss C. Carter, Esq., counsel for plaintiffs. Mr. N. G. Pearsall, General Manager, and Mr. J. V. Brook, for defendant.

"(Reasons Omitted.)

"Ordered, that the New Orleans Great Northern Railroad Company be, and it is hereby commanded and required, within ninety days hereafter, to build and complete a suitable passenger and freight depot in the town of Franklinton, Louisiana, the said depot to be located on square thirteen as designated on the official map thereof.

"Commissioners: C. L. de Fuentes, Chairman.
            "Shelby Taylor.
            "J. J. Meredith.

"By order of the Commission:
    "Baton Rouge, Louisiana, November 23, 1909.
        "[Seal.]    W. M. Barrow, Secretary.
    "Attest: A true copy.
            "W. M. Barrow, Secretary.

"New Orleans Great Northern R. R. Co.
        "Nov. 28, 1909.
        "General Manager."

The defendant declaring that without answering the demand contained in the petition filed by plaintiff (the right to do which thereafter, in case its exception was overruled, was expressly reserved) excepted to the demand and action of the plaintiff, averring that the same could not be maintained, because and 'for the reason that any right of action which plaintiff might have had, which right of action, however, is denied, has expired, been lost, and become prescribed by the failure on the part of the plaintiff to bring suit to set aside the order No. ——— complained of, within three months after the said order was made and became effective, and which exception of prescription defendant now pleads as a bar to plaintiff's suit. In view of the premises, exceptor prays that this, its exception be maintained,

and that plaintiff's suit be dismissed, with costs.

On trial of the case before the district court, it was admitted:

"That the order of the Railroad Commission complained of was dated November, 1909, and that notice of same was received by the New Orleans Great Northern Railroad Company on November 28, 1909."

The district court on May 2, 1910, rendered the following judgment:

"This case came on for trial on the exception of prescription filed by the defendant herein, and it being made to appear that the suit of the plaintiff had been filed more than three months after the order of the Railroad Commission complained of had been made and became effective, and the law and the evidence being in favor thereof, it is therefore ordered, adjudged, and decreed that the exception of defendant be sustained, and the suit of plaintiff dismissed, at its costs."

Plaintiff has appealed.

### Opinion.

The only question submitted to us for decision is whether the plaintiff's action is prescribed or not under Act No. 171 of 1908. That act was entitled:

"An act to fix a period of limitation within which suits may be brought to set aside, alter, change or modify the orders of the Railroad Commission of Louisiana, respecting rules, regulations and classifications affecting railroads, express, telephone, telegraph, steamboats, or other water craft, or sleeping car companies, or other individuals, companies or corporations under the jurisdiction and control of the commission as well as orders of the commission, requiring the performance of any act by any such company, corporation or individual."

By the first section it was enacted by the General Assembly of the state of Louisiana that all orders of the Railroad Commission of Louisiana, made and entered upon its records, respecting rates, charges, rules, regulations, and classification, affecting any railroad, express, telephone, telegraph, steamboat, or other water craft, or sleeping car company, or other individual, corporation, or carrier, under its jurisdiction or control, or requiring the performance of any act by any such railroad, express, telephone, telegraph, steamboat, or other water craft, or sleeping car company, or other individual, company, or corporation, shall be operative and in full force and effect from and after the time fixed for the same to become effective by the said Railroad Commission of Louisiana, unless such orders be thereafter changed, altered, modified, or set aside by a court of competent jurisdiction.

The second section provides that if any railroad, express, telephone, telegraph, steamboat, or other water craft, or sleeping car company, or individual corporation or carrier under the control or jurisdiction of the commission, or other party in interest, shall be dissatisfied with any order entered by the Railroad Commission of Louisiana, adopting, fixing, changing, altering, or modifying any rate, classification, rule, charge, or general regulation, such dissatisfied company, corporation, or individual may, within three months after any such order is made, and becomes effective, by the Railroad Commission of Louisiana, and not thereafter, file in a court of competent jurisdiction at the domicile of the commission a petition setting forth therein the particular cause or causes of objection to the order or regulation of the said commission so complained of. All such cases shall be tried in the same manner as civil cases, and shall be given precedence over all other civil cases in the said court and shall be heard and determined as speedily as possible, to the end that the public interest may not suffer by reason of such proceeding. Any such court shall have the power and authority to affirm the order of said Railroad Commission of Louisiana so complained of, or to change, modify, alter, or set aside the same as justice may require.

The third section provides that no suit not filed within the delay provided by section 2 of this act, to set aside, change, alter or modify the orders of the Railroad Commis-

sion of Louisiana, shall be thereafter filed or entertained; the delay fixed by section 2 of this act being the prescriptive period after which no such suits shall be filed, entertained, or heard.

The fourth section declared that all laws or parts of laws inconsistent or in conflict with the act were repealed by it.

The contention of the plaintiff is:

That the order of the Railroad Commission on November 24, 1909, commanding and requiring a railroad company within 90 days thereafter "to build and complete a suitable passenger and freight depot at a station has not become effective" until the expiration of 90 days from the date of the order.

That such an order is not an order "adopting, fixing, changing, altering, or modifying any rate, classification, rule, charge, or general regulation, and is controlled by the provisions of Act No. 171 of 1908." 

The defendant contends, on the other hand, that the order went into effect or became effective at once, or at all events as soon as notice of the order was served on the plaintiff; that the 90 days stated in the order was simply a period of time allowed the plaintiff to complete the construction of the building.

It urges that it clearly appears from the title of Act No. 171 of 1908 that the present demand is barred by prescription, citing 26 A. & E. Ency. of Law (2d Ed.) pp. 618, 628, 629; Cooley's Const. Limitations (7th Ed.) p. 202; Meyer v. Western Car Co., 102 U. S. 11, 26 L. Ed. 59, et seq.; Coosaw Mining Company v. South Carolina, 144 U. S. 550, 563, 12 Sup. Ct. 689, 36 L. Ed. 537; State v. Poydras, 9 La. Ann. 166; State ex rel. Harper v. Judge of Ninth Judicial District, 12 La. Ann. 777.

Referring to the contention of the plaintiff that an order of the commission requiring a railroad company to erect a depot building is not an order "affecting either a rate, classification, rule, charge, or general regulation," the Attorney General insists that, "while the order is not one affecting a rate, a classification, a rule, or a charge, it is one affecting the general regulation of the business, since it undertakes to provide for service to be given the public," by providing them with a suitable freight and passenger depot, and by article 284 of the Constitution defendant had the right to adopt reasonable regulations respecting freight and passenger tariffs and service, "and to that end to require that suitable depots should be built at stations"; that the order contested is one which affects the "general regulation" of the business, and therefore, as this suit was not brought to set it aside within three months after it became effective, it should be dismissed. Should the court not agree with him in regard to the second section of the act, he calls our attention to that portion of its third section as showing beyond doubt that the Legislature intended that all suits to set aside the orders of the Railroad Commission should be brought within the three months prescribed by section 2, for that section declares that no suit not filed within the prescriptive period of three months "to set aside, change, alter or modify any of the orders of the Railroad Commission of Louisiana" should be thereafter filed or entertained. The General Assembly, he insists, wishing to avoid any misinterpretation of the language as used in section 2, took the precaution of expressing its meaning in unequivocal language in section 3.

The present proceeding was not resorted to for the purpose of resisting, as defendant, any action taken against it by the commission in enforcement of its order "to build and complete within 90 days from the date of the order" a passenger and freight depot in the town of Franklinton; for that body, after issuing its order, has gone no further than to notify the plaintiff of the same. What the plaintiff is contesting is, not the length of

time which was accorded to it to build and complete the depot, but the right and authority of the commission to have issued the order at all.

We are of the opinion that its right to tender that issue was barred by its failure to have done so within three months, as ordered by the second and third sections of Act No. 171 of 1908.

The judgment appealed from is correct, and it is hereby affirmed.

PROVOSTY, J., dissents.