**STATE of Oklahoma ex rel. BOARD OF TAX ROLL CORRECTIONS OF TULSA COUNTY, Oklahoma, By and Through Cheryl Clay, Assessor of Tulsa County, Oklahoma, Appellant,**

v.

**MACK TRUCK SALES OF TULSA, INC., An Oklahoma Corporation, Appellee.**

**No. 53997.**

Supreme Court of Oklahoma.

Nov. 25, 1980.

---

S. M. Fallis, Jr., Dist. Atty., John F. Reif, Asst. Dist. Atty., Tulsa, for appellant.

Philip J. Eller and Donald L. Detrich, Eller & Detrich, Inc., Tulsa, and Deryl L. Gotcher, Jones, Givens, Brett, Gotcher, Doyle & Bogan, Inc., Tulsa, for appellee.

Thomas G. Marsh and Loyal J. Roach, Dyer, Powers, Marsh, Turner, Armstrong & Roach, Tulsa, for amicus curiae.

DOOLIN, Justice.

This case deals with the interpretation of an ad valorem tax statute. Mack Truck Sales of Tulsa, Inc. [Taxpayer] filed a Complaint of Erroneous Assessment with the Board of Tax Roll Corrections of Tulsa County on July 17, 1978. The taxpayer alleged there had been an error in the assessment of its personal property for 1976.

Taxpayer, without protesting its 1976 assessment to the Assessor, Equalization Board, or Board of Tax Roll Corrections, at any time prior to payment of the tax as variously provided for by law, timely paid its 1976 personal property taxes in two installments.

On August 8, 1978, the Board of Tax Roll Corrections (the Board) heard Taxpayer's complaint and reduced the taxable value of its personal property by the amount equal to the value of the motor vehicles upon which an in lieu of tax had been paid. Pursuant to 68 O.S.1971 § 2432, the Board, on September 12, 1978, reheard this matter, rescinded its previous action and denied the complaint. The Board's reason for the denial was the belief that no relief could be granted because Taxpayer had filed its complaint more than one year following the payment of the tax.

Taxpayer gave the Board written notice of its intent to appeal to the district court. After trial the court ruled Taxpayer was entitled to a refund notwithstanding the fact that its complaint had been filed with the Board of Tax Roll Corrections more than one year following the payment of the tax.

The sole question presented to this court for consideration is whether 68 O.S.Supp. 1974 § 2479 contains its own statute of limitations. The pertinent parts of the statute are:

> . . . If, prior to such hearing by the Board, as aforesaid, the tax has been paid, no certificate shall issue; *but if less than one (1) year shall have elapsed after the payment of the tax* and before the filing of such application for correction of error, and after such hearing the findings of fact disclose that less tax was due to have been paid than was paid, then the person who paid the tax, or his heirs, successors, or assigns, may execute a cash voucher claim setting forth facts and findings, verify it, and file it with the county clerk, who shall thereupon deliver such claim to the county treasurer for designation of the fund from which the claim must be paid and approval of the claim as to the availability of funds by the county treasurer. If taxes have been paid under protest, the county treasurer must designate the refund to be paid from *such protest fund.* If taxes have been paid but not paid under protest and if there are funds available in current collections of the taxing unit which received the taxes paid, then the county treasurer must designate the refund to be paid from such *current collections* of such taxing unit. The county clerk shall thereupon issue his cash voucher against the appropriate fund of the county, directing the county treasurer to pay to such person the amount so found to be
> . . .

If there be *any* error in the taxes collected from such person, the overpayment or duplicate payment of any such taxes collected in error may be recovered by the taxpayer, and the county treasurer may make such payment from the *Resale Property Fund* of the county if funds are not available as stated in the preceding paragraph of this section. (Emphasis supplied).

The County Assessor contends that the language of § 2479 bars all tax refund claims not filed within one year of payment of the tax. Taxpayer contends that the one year "limitation" merely designates from which fund the refund is to be paid.

In interpreting this statute, legislative history should be considered.[1] The Oklahoma Legislature has provided a method of recovering overpaid ad valorem taxes since 1916.[2] This original provision *clearly* provided that no refund would be made where the taxes had been paid for a period of more than one year prior to the claim for the refund. The same provision remained intact until 1945, when a major revision of the ad valorem refund law was made. The 1945 revision provided, in part:

> . . . If, prior to such hearing by the Board of County Commissioners, the tax has been paid, and less than one (1) year shall have elapsed after the payment of the tax and before the filing of such application for correction of error, and after such hearing the findings of fact disclose that less tax was due to have been paid than was paid, not [sic] certificate (for refund) shall issue; but the person who paid the tax, or his heirs, successors, or assigns, may execute a cash voucher against the county penalty reserve fund of the county, directing the County Treasurer to pay to such person the amount so found to be erroneous . . . 1945 Okla.Sess.Laws, p. 257 § 1 (Parenthetical Phrase Supplied).

Taxpayer urges this revision abolished the one year limitation contained in the earlier versions of the statute. A more careful reading of the statute indicates otherwise. The title of the act itself states that the Act provides "for the refund of taxes paid not more than one (1) year prior to claims." 1945 Okla.Sess.Laws, p. 257. In Oklahoma the purpose of the act must be clearly expressed in the title.[3]

In 1949, minor changes were made in the wording of the act; however, no substantive change in the act was made until 1965.

In 1965, the entire Ad Valorem Tax Code was revised by the Legislature. The title of the new act was as follows: "An Act relating to taxation; amending, revising, deleting obsolete language therefrom, and re-enacting the Ad Valorem Tax Code for the purpose of recodifying the same; . . . providing for correction of errors. . ." 1965 Okla.Sess.Laws, p. 960. The 1965 law provided:

> . . . If, prior to such hearing by the Board, as aforesaid, the tax has been paid, no certificate shall issue; but if less than one (1) year shall have elapsed after the payment of the tax and before the filing of such application for correction of error, and after such hearing the findings of fact disclose that less tax was due to have been paid than was paid, then the person who paid the tax, or his heirs, successors, or assigns, may execute a cash voucher claim setting forth facts and findings, verify it, and file it with the County Clerk, who shall thereupon issue his cash voucher against the County *Penalty Reserve Fund* of the county, directing the County Treasurer to pay to such person the amount so found to be erroneous. . .

If there be any error in the taxes collected from any person, the overpayment or duplicate payment of any such taxes collected in error may be recovered by

---

1. *Couch v. International Brotherhood of Teamsters*, 302 P.2d 117 (Okla.1956).

2. "Provided, no refund shall be made in any case where the taxes have been paid for a period of more than one year prior to the claim of such refund. . . ." 1916 Okla.Sess.Laws, pp. 22, 23.

3. *Irwin v. Irwin*, 433 P.2d 931 (1965).

the taxpayer, and the County Treasurer is hereby authorized to make such payment from the *Resale Property Fund* of the County. 1965 Okla.Sess.Laws, pp. 997, 998.

We are compelled to notice that two important changes were made from the previous law: (1) the specific language in the title of the Act indicating the one year limitation was removed; and (2) a paragraph was added stating that recovery of *any* overpayment of taxes by any person could be recovered from the Resale Property Fund. The Oklahoma Supreme Court has stated that:

A change in the phraseology of an amendatory statute raises the presumption that a departure from the old law was intended. The Legislature must be presumed to know both the language employed in the former acts and the judicial construction placed upon them, and if in a subsequent statute on the same subject it uses different language in the same connection, the courts must presume that a change of the law was intended, and after a consideration of the spirit and letter of the statute will give effect to its terms according to their proper significance. So the omission of a word in the amendment or re-enactment of a statute will be assumed to have been intentional. Where it is apparent that substantive portions of a statute have been omitted and repealed by the process of revision and re-enactment, courts have no express or implied authority to supply the omissions that are material and substantive and not merely clerical and inconsequential, for that would in effect be the enactment of substantive law. The statute in such a case should be effectuated as the language actually contained in the latest enactment warrants...

*Plummer v. Davis,* 169 Okla. 374, 376, 36 P.2d 938, 941 (1934).

We feel the presumption of intended legislative change raised by the removal of the title language (under *Plummer*) clearly indicating a one-year limitation, coupled with the addition of the paragraph provided for recovery of *any* overpayment, has not been overcome by any clear indication of a contrary legislative intent.

Minor changes in the 1965 law were made in the 1974 law, noted above. The County Assessor urges that the 1974 Amendment[4] to the paragraph dealing with the recovery of any overpayment from the Resale Property Fund prohibits recovery beyond the one-year limitation.

■ We hold a more reasonable interpretation on this paragraph is that if the claim is filed within one year of payment of the taxes, then the refund is to be paid out of current collections fund. If the taxes were paid under protest, and the claim was filed within one year of payment of the taxes, then the refund must be paid out of the protest fund. However, if the claim was not filed within one year, or if current funds or protest funds are not available, then the refund is to be paid from the Resale Property Fund.

To adopt the interpretation of the County Assessor would force us to read meaning into the statute which is not present. Adopting the position of Taxpayer as to the statute's interpretation gives every provision of the statute a useful purpose.

■ The County Assessor suggests if Taxpayer's interpretation is adopted, then claims for overpaid taxes could be raised years in the future, causing confusion and difficulty for county officers. We hold that 19 O.S.1971 § 247 is the applicable statute of limitations. 19 O.S.1971 § 247 provides:

"No account against the county shall be allowed unless presented within two years after the same accrued: Provided, that should any person having a claim against the county be (at the time the same accrued) under any legal disability, every such person shall be entitled to present the same within one year after such disability shall be removed."

The County Assessor contends a claim for an ad valorem tax refund is not a claim

---

4. "... if funds are not available as stated in the preceding paragraph of this section."

**392**

against the county alone, but affects cities and towns and thus 19 O.S.1971 § 247 does not apply. The County Assessor cites *State ex rel. Hatfield v. Moreland,* 152 Okla. 37, 3 P.2d 803 (1931) as supporting this assertion. This was not the holding of the *Hatfield* case. The rule in *Hatfield* was that the Board of County Commissioners was not authorized to issue refunds. The statement that the refund claim was not a claim against the county was dicta.

Logically, the unit to which the tax is paid is the unit from which tax refunds must be sought. This is what Taxpayer attempted to do within the two–year statute of limitations dealing with claims against the county.

AFFIRMED.

All the Justices concur.