BCE-MACH v. ROACH



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:BCE-MACH v. ROACH

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BCE-MACH v. ROACH
2022 OK CIV APP 5
Case Number: 119557
Decided: 06/29/2021
Mandate Issued: 03/09/2022
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2022 OK CIV APP 5, __ P.3d __

 
BCE-MACH, LLC, Plaintiff/Appellee,
v.
JENNIFER ROACH, COUNTY ASSESSOR OF ALFALFA COUNTY, STATE OF OKLAHOMA, Defendant/Appellant.
APPEAL FROM THE DISTRICT COURT OF
ALFALFA COUNTY, OKLAHOMA
HONORABLE LOREN ANGLE, TRIAL JUDGE
AFFIRMED
William K. Elias, Wyatt D. Swinford, ELIAS, BOOKS, BROWN & NELSON, P.C., Oklahoma City, Oklahoma, Plaintiff/Appellee,
Mart Tisdal,, Luke Adams, TISDAL & O'HARA, PLLC, Clinton, Oklahoma, Defendant/Appellant,
Patrick O'Hara, Pat O'Hara, W. Jason Hartwig, TISDAL & O'HARA, PLLC, Oklahoma City, Oklahoma, for Defendant/Appellant.
TREVOR S. PEMBERTON, PRESIDING JUDGE:
¶1 The parties dispute whether the location, use, and actual necessity of disposal wells exempts the disposal wells at issue from ad valorem taxation. Oklahoma Supreme Court precedent in Cumberland Operating Co. v. Ogez, 1988 OK 14, 769 P.2d 105, held disposal wells were required to be located on the specific lease of the drilling location for exemption from ad valorem taxation. This holding was overturned with the legislature's 2013 amendments to 68 O.S. § 1001.1(3), making the distinction of on or off lease irrelevant for taxation purposes. A disposal well is subject to gross production tax in lieu of ad valorem taxation if it is actually necessary and is in use or being used. No dispute as to the material facts was shown regarding the necessity and use of the disposal wells. Therefore, we affirm the trial court's grant of summary judgment in favor of BCE-Mach, LLC, determining the saltwater disposal wells at issue were subject to a gross production tax in lieu of ad valorem taxation.
BACKGROUND
¶2 On January 1, 2018, BCE-Mach, LLC (BCE) purchased Alfalfa and Woods County oil and gas wells. Production from the wells requires the removal and disposal of wastewater. In order to comply with Oklahoma law, namely mandates of the Oklahoma Corporation Commission, BCE disposes of the wastewater via a non-commercial saltwater disposal system, which consists of a series of interconnected pipelines connected with the individual saltwater disposal wells. According to BCE, such systems serve to reduce the number of saltwater disposal wells needed to safely dispose of wastewater and to minimize, if not negate, a more dated form of transporting wastewater--trucking.
¶3 The saltwater disposal system and/or individual wells are subject to taxation under Oklahoma law. In 2018 and 2019, BCE was assessed and then paid gross production taxes in lieu of ad valorem taxes related to the saltwater disposal wells. Nonetheless, in 2020, the Alfalfa County Assessor (Assessor) issued to BCE omitted property taxes for tax years 2017 through 2020.
[1] BCE contested the assessment through an administrative process and later appealed to the district court, where the parties filed competing summary judgment motions.
¶4 BCE argued, under Oklahoma law, its saltwater disposal system was and is subject to gross production taxes in lieu of ad valorem taxes. BCE included thorough records and an affidavit on behalf of the production engineer managing BCE's disposal system to support its assertion that the disposal wells at issue were all used in the disposal of saltwater. The Assessor responded that alleged fact issues and long-standing Oklahoma Supreme Court precedent predating the enactment of and subsequent amendments to 68 O.S. § 1001.1 prohibited entry of judgment in BCE's favor. The Assessor also countered that four of the twelve disposal wells at issue were not in use during the requisite time period. However, the Assessor presented no evidentiary support for her Response to BCE's Motion, referencing only and making bare arguments about exhibits provided by BCE. The district court granted BCE''s motion, determining the saltwater disposal system was subject to a gross production tax in lieu of ad valorem taxes. The Assessor timely initiated this appeal, which raises issues of statutory interpretation and a review of summary adjudication. The specific issues are: whether the amendments to 68 O.S. § 1001.1(3) overturned Oklahoma Supreme Court precedent in Cumberland Operating Co. v. Ogez, 1988 OK 14, 769 P.2d 105; and whether BCE's disposal wells were actually necessary and in use or being used for purposes of exemption of ad valorem taxation.
STANDARD OF REVIEW
¶5 Statutory interpretation is a question of law subject to de novo review, which is a "non-deferential, plenary[,] and independent review of the trial court's legal ruling." Raymond v. Taylor, 2017 OK 80, ¶ 9, 412 P.3d 1141, 1143-44. (internal citation omitted). We also review de novo a grant of summary judgment. Deutsche Bank Nat. Trust Co. v. Richardson, 2012 OK 15, ¶ 3, 273 P.3d 50, 52. Reasonable inferences and conclusions drawn from the evidentiary materials must be viewed in the light most favorable to the non-movant. Id. Summary judgment is improper if reasonable minds could reach distinct factual conclusions after review of the evidentiary materials submitted. Id.
ANALYSIS
¶6 The parties agree the interpretation of 68 O.S. §§ 1001, 1001.1, and OAC 710:10-8-2 are central to the analysis of whether BCE's saltwater disposal system should have been subjected to gross production tax in lieu of ad valorem tax. Section 1001(H) of title 68 of the Oklahoma Statutes provides in pertinent part: "Equipment, machinery, tools, material or property as is actually necessary and being used and in use in the production of . . . oil or gas" are exempt from payment of ad valorem tax by reason of payment of the gross production tax. To qualify, such machinery, appliances and equipment must be "used in and around any well producing oil, or gas . . . and actually used in the operation of such well[.]" 68 O.S. § 1001(G). In 1985, the legislature enacted 68 O.S. § 1001.1, which delegated to the Oklahoma Tax Commission a mandate to "adopt rules and regulations which establish guidelines for the determination of property exempt from ad valorem taxation pursuant to the provisions of subsections G and H of Section 1001." 68 O.S. § 1001.1(3). Those guidelines were required to and do include an exemption from ad valorem tax for "disposal systems, including all materials and equipment of disposal systems and the lines transporting the waste materials, serving one or more wells, which are not for commercial purposes." 68 O.S. § 1001.1(3). The exemption applies so long as "the property is essential to the production of oil and gas in commercial quantities." Id. In compliance with the legislative mandate, the Oklahoma Tax Commission adopted the following rule pertinent hereto:
(a) The following property shall be eligible for exemption from ad valorem taxation pursuant to . . . paragraphs (S) and (T) of Section 1001 of Title 68:
(10) Disposal systems which are not for commercial purposes and wellbore and non-recoverable down-hole material, including casing, actually used in the commercial disposal of waste materials produced with oil and gas. 
OAC 710:10-8-2. Both parties agree that disposal wells located on the same lease or same unit qualify for the "in lieu" of exemption for ad valorem taxation. The parties dispute however whether disposal wells located off lease qualify for the "in lieu" of exemption for ad valorem taxation.
¶7 The resolution turns on whether Oklahoma Supreme Court precedent in Cumberland Operating Co. v. Ogez, 1998 OK 14, 769 P.2d 105 remains good law. In Cumberland, the Oklahoma Supreme Court determined--or reaffirmed based on then current Oklahoma statutes--the tax on salt water disposal wells "should be apportioned on a pro rata basis so that the proportion of the well used for disposal of salt water from the lease on which the disposal well stands is relieved of ad valorem taxation but the proportion of the well used for disposal of salt water from another lease will be taxed on an ad valorem basis." 1988 OK 14, ¶¶ 1, 15, 769 P.2d 105, 106, 109. Since 2020, the Assessor has relied on the Cumberland holding to support its position that BCE's saltwater disposal system is subject to ad valorem taxes for tax years 2017 through 2020, despite having previously assessed a gross production tax for tax years 2017 through 2019. BCE counters that material amendments to 68 O.S. §§ 1001 and 1001.1 following the issuance of Cumberland have abolished the requirement of the on lease/off lease apportionment.
¶8 Prior to November 1, 2013, Section 1001.1(3) read in pertinent part:
"Property exempt from ad valorem tax pursuant to the provisions of . . . Section 1001 of this title shall include, but is not limited to, lease production tanks, lease production meters, and lease disposal systems which are not for commercial purposes." 
The legislature then made two significant amendments to Section 1001.1(3). Effective November 1, 2013, that language was amended, to wit:
Property exempt from ad valorem tax pursuant to the provisions of . . . Section 1001 of this title shall include, but is not limited to, lease production tanks, lease production meters, and disposal systems, including all materials and equipment of disposal systems and the lines transporting the waste materials, serving one or more wells, which are not for commercial purposes. 
(Amendment addition in italics). In the 2013 amendments (which remain unchanged to date), the word "lease" was removed as a modifier of disposal systems, and the italicized language was added. "A change in the phraseology of an amendatory statute raises the presumption that a departure from the old law was intended." State ex rel. Bd. of Tax Roll Corr. of Tulsa Cty. v. Mack Truck Sales of Tulsa, Inc., 1980 OK 178, ¶ 11, 620 P.2d 388, 391 (quoting Plummer v. Davis, 1934 OK 499, ¶ 13,36 P.2d 938, 941). Courts must presume the "legislature knew both the language employed in the former acts and the judicial construction placed upon them, and if in a subsequent statute on the same subject it uses different language in the same connection, the courts must presume that a change of the law was intended". Id. It is then presumed the omission of a word in an amendment is intentional and not in vain. Id. Therefore, the presumption is the legislature amended Section 1001.1(3) with knowledge of the Cumberland precedent and with intentionality. These amendments clarify that non-commercial disposal systems, including lines transporting the waste material, are exempt from ad valorem taxation regardless of their location on or off lease. Those amendments have explicitly overturned the holding in Cumberland regarding the pro-ration of on lease/off lease wells. Pursuant to Section 1001.1(3), the distinction of whether a disposal well is located on or off the lease is no longer relevant for a disposal well to receive an exemption from ad valorem taxation. The location of BCE-Mach's wells, specifically whether they are on lease/off lease, is now--and has been throughout the pertinent timeframe--irrelevant for purposes of taxation.
¶9 We next address the critical question of whether BCE's 12 saltwater disposal wells were actually necessary and were used and being used during the relevant time period, and therefore are exempt from ad valorem taxation. That is a question of fact, and is dependent on the facts and circumstances of a particular case. Cumberland, 1988 OK 14, ¶ 12. To determine if the BCE wells qualify for a gross production tax in lieu of an ad valorem tax, it is statutorily required that the disposal wells be both "actually necessary" and "being used and in use in the production of . . . oil or gas". 68 O.S. § 1001(H); see also Home-Stake Prod. Co. v. Bd. of Equalization of Seminole Cty., 1966 OK 115, ¶ 18, 416 P.2d 917, 922 ("The test prescribed by statute is '...actually necessary and being used and in use.'").
¶10 In Oklahoma, as a matter of law the "proper disposal of salt water is actually necessary for the production of oil and gas." Cumberland, 1988 OK 14, ¶ 12. In Cumberland, the Oklahoma Supreme Court explained the state of Oklahoma, "through exercise of the police power, imposes upon the operator of an oil and gas lease a duty to safely dispose of salt water generated by that lease. As a result, proper disposal of salt water is actually necessary for the production of oil and gas." Id. Both parties agree Oklahoma law is clear that the disposal of salt water is necessary. The Assessor argues, however, that because the disposal wells are not servicing oil and gas wells located on the same producing lease or unit, the disposal wells are not "actually necessary" for purposes of exemption from ad valorem taxes. As previously articulated, the amendment of 68 O.S. § 1001.1(3) overturned the second holding in Cumberland; thus, it is irrelevant if the salt water disposal wells and the oil and gas wells are located on the same lease. Assessor's argument contradicts Oklahoma law, and Assessor provides no evidentiary support to show a dispute of the material facts for this element. Therefore, the disposal wells are actually necessary.
¶11 The second requirement for a salt water disposal well to be exempt from ad valorem taxation is that the well is "being used and in use in the production of . . . oil or gas". 68 O.S. § 1001(H). The Supreme Court has provided examples of non-use. For instance, equipment in storage as a spare part, or located in a warehouse for future use does not qualify as "being used and in use". See Cumberland, 1988 OK 14, ¶ 14; see also Home-Stake Production Co., 1988 OK 14, ¶ 14. The principal test is the character of actual use. Shaffer Oil & Ref. Co. v. County Treasurer of Creek County, 1935 OK 1172, ¶ 11, 52 P.2d 76, 78. We know also from the Supreme Court that qualification as "being used and in use" does not require that the saltwater disposal well be "immediately adjacent to a producing well or wells[.]" Id.
¶12 The Assessor argues four of the twelve disposal wells at issue were not in use during the relevant time period; however, the Assessor provides no evidence to support her contention. The Assessor claims that her deficiencies in evidence are associated with the lack of discovery in this case. The claim, however, does not satisfy Oklahoma District Court Rules 13(d), which requires that a party opposing a summary judgment motion submit an affidavit if the party "cannot present evidentiary material sufficient to support the opposition," and only then may the trial court either deny the motion for summary judgment without prejudice or order a continuance for discovery to be obtained. The Assessor neither submitted any such documentation, nor requested the court for additional time to conduct discovery. Because there is no dispute as to a material fact, and the law supports BCE's arguments, BCE is exempt from ad valorem taxation and subject to gross production tax for the tax years 2018, 2019, and 2020.
CONCLUSION
¶13 For the forgoing reasons, we affirm the March 26, 2021 order.
SWINTON, C.J., and BELL, J., concur.
FOOTNOTES
[1] BCE did not own the saltwater disposal wells in 2017, and taxation for that year is not at issue on appeal.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 14, 769 P.2d 105, 59 OBJ 422, Cumberland Operating Co. v. Ogez
Discussed at Length
 1998 OK 14, 956 P.2d 858, 69 OBJ 758, WILLIAMSON v. FOWLER TOYOTA
Cited
 1935 OK 1172, 52 P.2d 76, 175 Okla. 6, SHAFFER OIL & REF. CO. v. COUNTY TREASURER OF CREEK COUNTY
Discussed
 1966 OK 115, 416 P.2d 917, HOME-STAKE PRODUCTION CO. v. BD. OF EQUALIZATION
Discussed
 1934 OK 499, 36 P.2d 938, 169 Okla. 374, PLUMMER v. DAVIS
Discussed
 2012 OK 15, 273 P.3d 50, DEUTSCHE BANK NATIONAL TRUST COMPANY v. RICHARDSON
Discussed
 2017 OK 80, 412 P.3d 1141, RAYMOND v. TAYLOR
Discussed
 1980 OK 178, 620 P.2d 388, State ex rel. Bd. of Tax Roll Corrections of Tulsa County v. Mack Truck Sales of Tulsa, Inc.
Discussed
Title 68. Revenue and Taxation
 Cite
Name
Level

 68 O.S. 1001, Gross Production Tax on Certain Interests - Exemptions
Discussed at Length
 68 O.S. 1001.1, Adoption of Rules and Regulations - "Producing Leases" and "Payment of Gross Production Tax" Defined
Discussed at Length


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA