BCE-MACH v. ROACH
2022 OK CIV APP 5
507 P.3d 1260
Case Number: 119557
Decided: 06/29/2021
Mandate Issued: 03/09/2022
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2022 OK CIV APP 5, 507 P.3d 1260

 
APPROVED FOR PUBLICATION BY THE SUPREME COURT. 

 

 

BCE-MACH, LLC, Plaintiff/Appellee,
v.
JENNIFER ROACH, COUNTY ASSESSOR OF ALFALFA COUNTY, STATE OF OKLAHOMA, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
ALFALFA COUNTY, OKLAHOMA

HONORABLE LOREN ANGLE, TRIAL JUDGE

AFFIRMED

William K. Elias, Wyatt D. Swinford, ELIAS, BOOKS, BROWN & NELSON, P.C., Oklahoma City, Oklahoma, Plaintiff/Appellee,

Mart Tisdal,, Luke Adams, TISDAL & O'HARA, PLLC, Clinton, Oklahoma, Defendant/Appellant,

Patrick O'Hara, Pat O'Hara, W. Jason Hartwig, TISDAL & O'HARA, PLLC, Oklahoma City, Oklahoma, for Defendant/Appellant.

TREVOR S. PEMBERTON, PRESIDING JUDGE:

¶1 The parties dispute whether the location, use, and actual necessity of disposal wells exempts the disposal wells at issue from ad valorem taxation. Oklahoma Supreme Court precedent in Cumberland Operating Co. v. Ogez, 1988 OK 14769 P.2d 10568 O.S. § 1001.1

BACKGROUND

¶2 On January 1, 2018, BCE-Mach, LLC (BCE) purchased Alfalfa and Woods County oil and gas wells. Production from the wells requires the removal and disposal of wastewater. In order to comply with Oklahoma law, namely mandates of the Oklahoma Corporation Commission, BCE disposes of the wastewater via a non-commercial saltwater disposal system, which consists of a series of interconnected pipelines connected with the individual saltwater disposal wells. According to BCE, such systems serve to reduce the number of saltwater disposal wells needed to safely dispose of wastewater and to minimize, if not negate, a more dated form of transporting wastewater--trucking.

¶3 The saltwater disposal system and/or individual wells are subject to taxation under Oklahoma law. In 2018 and 2019, BCE was assessed and then paid gross production taxes in lieu of ad valorem taxes related to the saltwater disposal wells. Nonetheless, in 2020, the Alfalfa County Assessor (Assessor) issued to BCE omitted property taxes for tax years 2017 through 2020.

¶4 BCE argued, under Oklahoma law, its saltwater disposal system was and is subject to gross production taxes in lieu of ad valorem taxes. BCE included thorough records and an affidavit on behalf of the production engineer managing BCE's disposal system to support its assertion that the disposal wells at issue were all used in the disposal of saltwater. The Assessor responded that alleged fact issues and long-standing Oklahoma Supreme Court precedent predating the enactment of and subsequent amendments to 68 O.S. § 1001.168 O.S. § 1001.1Cumberland Operating Co. v. Ogez, 1988 OK 14769 P.2d 105

STANDARD OF REVIEW

¶5 Statutory interpretation is a question of law subject to de novo review, which is a "non-deferential, plenary[,] and independent review of the trial court's legal ruling." Raymond v. Taylor, 2017 OK 80412 P.3d 1141de novo a grant of summary judgment. Deutsche Bank Nat. Trust Co. v. Richardson, 2012 OK 15273 P.3d 50Id. Summary judgment is improper if reasonable minds could reach distinct factual conclusions after review of the evidentiary materials submitted. Id.

ANALYSIS

¶6 The parties agree the interpretation of 68 O.S. §§ 100168 O.S. § 100168 O.S. § 1001.168 O.S. § 1001.168 O.S. § 1001.1Id. In compliance with the legislative mandate, the Oklahoma Tax Commission adopted the following rule pertinent hereto:

(a) The following property shall be eligible for exemption from ad valorem taxation pursuant to . . . paragraphs (S) and (T) of Section 1001 of Title 68:

(10) Disposal systems which are not for commercial purposes and wellbore and non-recoverable down-hole material, including casing, actually used in the commercial disposal of waste materials produced with oil and gas.

OAC 710:10-8-2. Both parties agree that disposal wells located on the same lease or same unit qualify for the "in lieu" of exemption for ad valorem taxation. The parties dispute however whether disposal wells located off lease qualify for the "in lieu" of exemption for ad valorem taxation.

¶7 The resolution turns on whether Oklahoma Supreme Court precedent in Cumberland Operating Co. v. Ogez, 1998 OK 14769 P.2d 105Cumberland, the Oklahoma Supreme Court determined--or reaffirmed based on then current Oklahoma statutes--the tax on salt water disposal wells "should be apportioned on a pro rata basis so that the proportion of the well used for disposal of salt water from the lease on which the disposal well stands is relieved of ad valorem taxation but the proportion of the well used for disposal of salt water from another lease will be taxed on an ad valorem basis." 1988 OK 14769 P.2d 105Cumberland holding to support its position that BCE's saltwater disposal system is subject to ad valorem taxes for tax years 2017 through 2020, despite having previously assessed a gross production tax for tax years 2017 through 2019. BCE counters that material amendments to 68 O.S. §§ 1001Cumberland have abolished the requirement of the on lease/off lease apportionment.

¶8 Prior to November 1, 2013, Section 1001.1(3) read in pertinent part:

"Property exempt from ad valorem tax pursuant to the provisions of . . . Section 1001 of this title shall include, but is not limited to, lease production tanks, lease production meters, and lease disposal systems which are not for commercial purposes."

The legislature then made two significant amendments to Section 1001.1(3). Effective November 1, 2013, that language was amended, to wit:

Property exempt from ad valorem tax pursuant to the provisions of . . . Section 1001 of this title shall include, but is not limited to, lease production tanks, lease production meters, and disposal systems, including all materials and equipment of disposal systems and the lines transporting the waste materials, serving one or more wells, which are not for commercial purposes.

(Amendment addition in italics). In the 2013 amendments (which remain unchanged to date), the word "lease" was removed as a modifier of disposal systems, and the italicized language was added. "A change in the phraseology of an amendatory statute raises the presumption that a departure from the old law was intended." State ex rel. Bd. of Tax Roll Corr. of Tulsa Cty. v. Mack Truck Sales of Tulsa, Inc., 1980 OK 178620 P.2d 388Plummer v. Davis, 1934 OK 49936 P.2d 938Id. It is then presumed the omission of a word in an amendment is intentional and not in vain. Id. Therefore, the presumption is the legislature amended Section 1001.1(3) with knowledge of the Cumberland precedent and with intentionality. These amendments clarify that non-commercial disposal systems, including lines transporting the waste material, are exempt from ad valorem taxation regardless of their location on or off lease. Those amendments have explicitly overturned the holding in Cumberland regarding the pro-ration of on lease/off lease wells. Pursuant to Section 1001.1(3), the distinction of whether a disposal well is located on or off the lease is no longer relevant for a disposal well to receive an exemption from ad valorem taxation. The location of BCE-Mach's wells, specifically whether they are on lease/off lease, is now--and has been throughout the pertinent timeframe--irrelevant for purposes of taxation.

¶9 We next address the critical question of whether BCE's 12 saltwater disposal wells were actually necessary and were used and being used during the relevant time period, and therefore are exempt from ad valorem taxation. That is a question of fact, and is dependent on the facts and circumstances of a particular case. Cumberland, 1988 OK 1468 O.S. § 1001see also Home-Stake Prod. Co. v. Bd. of Equalization of Seminole Cty., 1966 OK 115416 P.2d 917

¶10 In Oklahoma, as a matter of law the "proper disposal of salt water is actually necessary for the production of oil and gas." Cumberland, 1988 OK 14Cumberland, the Oklahoma Supreme Court explained the state of Oklahoma, "through exercise of the police power, imposes upon the operator of an oil and gas lease a duty to safely dispose of salt water generated by that lease. As a result, proper disposal of salt water is actually necessary for the production of oil and gas." Id. Both parties agree Oklahoma law is clear that the disposal of salt water is necessary. The Assessor argues, however, that because the disposal wells are not servicing oil and gas wells located on the same producing lease or unit, the disposal wells are not "actually necessary" for purposes of exemption from ad valorem taxes. As previously articulated, the amendment of 68 O.S. § 1001.1Cumberland; thus, it is irrelevant if the salt water disposal wells and the oil and gas wells are located on the same lease. Assessor's argument contradicts Oklahoma law, and Assessor provides no evidentiary support to show a dispute of the material facts for this element. Therefore, the disposal wells are actually necessary.

¶11 The second requirement for a salt water disposal well to be exempt from ad valorem taxation is that the well is "being used and in use in the production of . . . oil or gas". 68 O.S. § 1001See Cumberland, 1988 OK 14see also Home-Stake Production Co., 1966 OK 115Shaffer Oil & Ref. Co. v. County Treasurer of Creek County, 1935 OK 117252 P.2d 76Id.

¶12 The Assessor argues four of the twelve disposal wells at issue were not in use during the relevant time period; however, the Assessor provides no evidence to support her contention. The Assessor claims that her deficiencies in evidence are associated with the lack of discovery in this case. The claim, however, does not satisfy Oklahoma District Court Rules 13(d), which requires that a party opposing a summary judgment motion submit an affidavit if the party "cannot present evidentiary material sufficient to support the opposition," and only then may the trial court either deny the motion for summary judgment without prejudice or order a continuance for discovery to be obtained. The Assessor neither submitted any such documentation, nor requested the court for additional time to conduct discovery. Because there is no dispute as to a material fact, and the law supports BCE's arguments, BCE is exempt from ad valorem taxation and subject to gross production tax for the tax years 2018, 2019, and 2020.

CONCLUSION

¶13 For the forgoing reasons, we affirm the March 26, 2021 order.

SWINTON, C.J., and BELL, J., concur.

FOOTNOTES