THE STATE OF MISSOURI *ex rel.* HORACE WILCOX, Relator, *v.* EUGENE F. WEIGEL *et al.*, Respondents.

1. *Public printer — Commissioners, duty of concerning accounts of public printer — Act of March 28, 1870.*—The act of the Legislature of Missouri, approved March 28, 1870 (Sess. Acts 1870, p. 79), entitled "An act to pro-vide for the execution and supervision of the State printing and binding, and abolishing the office of public printer," must be construed as a whole; and the whole structure goes to show that the thirtieth section, which provided that the then State printer should do the State printing and binding until the first Monday in May, 1871, was an afterthought, and practically postponed the taking effect of the system of contracts and competition until May, 1871. The duties of the commissioners, as auditors, related to work let out by them and done under their superintendence, but not to work not done under their letting and direction.   Hence they could not be required to audit the accounts of the public printer.

*Petition for Mandamus.*

*Wells H. Blodgett*, for relator.

I.   The respondents are the commissioners of the public printing during their terms of office respectively.   (2 Wagn. Stat. 1127, § 1.)

II.   It is the duty of the commissioners of the public printing to audit· and examine the accounts for all work done under the provisions of the act aforesaid.   (2 Wagn. Stat., §§ 18, 20.)

III. All printing and binding done by the relator since May 1, 1870 (the date of the taking effect of said act), is done by him expressly under the provisions of the thirtieth section of said act. (Wilcox v. Rodman, 46 Mo. 322.)

*A. J. Baker*, Attorney-General, for respondent.

I. Respondents, as commissioners, have no control or supervision over any printing except such as they may have let to contract in the manner specified by law. (Act of March 28, 1870 ; Wagn. Stat. 1127.)

II. The petition shows the work to have been done under authority of the provisions of section 30 of said act above referred to ; and this section does not refer to the commissioners of printing or impose upon them any duty in connection with such printing.

CURRIER, Judge, delivered the opinion of the court.

This is a petition for a writ of *mandamus* requiring the commissioners of public printing to audit the relator's accounts for printing, etc. On the 28th of March, 1870, the Legislature passed an act entitled "An act to provide for the execution and supervision of the State printing and binding, and abolishing the office of public printer." (Sess. Acts 1871, p. 79.) The act abolishes the office of public printer, and establishes an entirely new system for the doing of the work previously executed by that officer. The execution of the new system was placed by the act under the superintendence of a board of commissioners consisting of the secretary of State, State auditor and register of lands. The act (§ 2) divides the printing into three classes, to be "let in separate contracts" as therein pointed out. The commissioners are therein required (§ 3) to advertise for bids, and the fourth section declares how these bids shall be treated and acted upon and contracts awarded. The commissioners are also authorized (§ 12) to contract for doing the State binding. Throughout the act, where contracts are referred to, the reference is to contracts to be made under the supervision of the commissioners. The

The State of Missouri ex rel. Wilcox, relator, v. Weigel et al.

accounts for the work done under these contracts the commissioners are to audit. So much is certain. But the phraseology of the act goes further, and seems to require the commissioners (§ 18) to "audit all accounts for printing and binding executed under the provisions" of the act; and the act authorizes the State printer (§ 30) to do the State printing and binding until May, 1871. Are his bills for this work to be audited by the commissioners? I think not. The eighteenth section of the act, requiring the commissioners to audit the printing and binding bills, must be construed in its connection with the other parts of the act, and with reference to the general scope and purpose of the enactment. The whole structure of the act goes to show that the thirtieth section (being the last in the act) was an afterthought; that it was not in the mind of the draftsman when the act was framed. It contains within itself no reference to any other part of the enactment, and there is nothing in the other parts of the enactment that seems to have been framed with reference to the thirtieth section. Apparently this section was added to a completed bill as a concession to the State printer, whose office the act abolishes. It practically postponed the taking effect of the system of contracts and competition until May, 1871, the printing and binding in the meanwhile being continued in the hands of the State printer at reduced prices. The commissioners, however, had nothing to do with giving out work to the State printer, or supervising its execution, or, in my opinion, in auditing its accounts. It is clear to my mind that their duties as auditors related to accounts for work let out by them and done under their superintendence. As to such work, they were the fit and proper auditors; but there seems no fitness in referring to them to audit accounts for work not done under their letting and direction, and I do not think the Legislature intended to impose upon them that duty.

Writ denied. The other judges concur.