OSCN Found Document:STRICKLEN v. MULTIPLE INJURY TRUST FUND

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 STRICKLEN v. MULTIPLE INJURY TRUST FUND
2024 OK 1
Case Number: 120753
Decided: 01/30/2024
As Corrected: January 31, 2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 1, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

GARY STRICKLEN, Petitioner,
v.
MULTIPLE INJURY TRUST FUND, and THE WORKERS' COMPENSATION COMMISSION, Respondents.

PROCEEDING TO REVIEW
THE WORKERS' COMPENSATION COMMISSION EN BANC

¶0 Petitioner filed a claim for permanent total disability with the Workers' Compensation Commission. An administrative law judge sustained a motion to dismiss filed by the Multiple Injury Trust Fund, and petitioner sought review before the Commission en banc, and the Commission affirmed the decision by the administrative law judge. Petitioner sought review of the Commission's decision in the Oklahoma Supreme Court, and filed a motion to retain review in this Court. Petitioner's motion to retain the proceeding in this Court was granted. We hold: the phrase "subsequent employer" in 85A O.S.Supp.2019 § 32 refers to the employer at the time of employee's "subsequent injury" also referenced in 85A O.S.Supp.2019 § 32, which injury is used for the purpose of that statute for a claim against the MITF in accordance with that statute.

ORDER OF THE WORKERS COMPENSATION COMMISSION REVERSED
AND CAUSE REMANDED FOR FURTHER PROCEEDINGS

Darrel R. Paul, Quandt Law Firm, Tulsa, Oklahoma, for petitioner.

Travis R. Colt, Connor E. Brittingham, Latham, Steele, Lehman, Keele, Ratcliff, Freije & Carter, P.C., Tulsa, Oklahoma, for respondent, Multiple Injury Trust Fund.

EDMONDSON, J.

I. Summary

¶1 Petitioner brought a claim against the Multiple Injury Trust Fund (MITF) based upon his permanent total disability from a combination of previously adjudicated injuries. The Fund argued it was not liable because the phrase "subsequent employer" in 85A O.S.Supp.2019 meant that a claim against the Fund required petitioner's previously adjudicated injuries to have occurred with an employer other than his employer at the time of his last and most recent injury. Petitioner argued the MITF's view of "subsequent employer" made the statute an unconstitutional "special law." The Commission's administrative law judge and the Commission agreed with the MITF and denied petitioner's claim. We need not address the constitutional issue raised by the parties because: (1) We conclude the controverted statutory language does not have a meaning which would raise the constitutional issue addressed by the parties; (2) We reverse the Commission's order that was based upon the erroneous view of the controverted statutory language; and (3) The cause is remanded for additional proceedings before the Commission on petitioner's claim.

II. Parties' Claims

¶2 The parties agree petitioner had four previous workers' compensation adjudications for injuries between 2008 and 2019. His injuries occurred during twenty years he was employed by the Grand River Dam Authority (GRDA). Petitioner's last injury was adjudicated in June 2021, and he filed a claim in July 2021 for permanent total disability (PTD) with the Workers' Compensation Commission.

¶3 Petitioner sought compensation for PTD from the MITF. The administrative law judge's order stated: "Claimant satisfies the requirements of 85A O.S. §30(A)(3), and was a 'physically impaired person' when he suffered his last injury on September 25, 2019."[1] The administrative law judge's order states petitioner's "total combined disability, including the permanent partial disability previously adjudged . . . and the permanent partial disability resulting from Clamant's last injury of September 19, 2019, is 54% to the body as a whole."[2]

¶4 The MITF argued petitioner's claim was not allowed against the MITF because 85A O.S.Supp.2019 § 32 required a claimant's employer for his last injury to be a different employer than the employer for his previous injuries. An administrative law judge sustained the MITF's motion to dismiss on June 8, 2022, and petitioner requested review by the Workers' Compensation Commission en banc.[3] The Commission concluded the administrative law judge's decision was "neither against the clear weight of the evidence, nor contrary to law," and sustained the dismissal.[4] After the Commission's decision, petitioner filed a petition for review in this Court[5] and requested we retain the matter. We granted petitioner's motion to retain and the parties filed briefs for our review.

¶5 The parties discuss 85A O.S. 2019 § 32, and state language therein refers to different employers for successive workers' compensation injuries. A portion of this statute states as follows.

A. If an employee who is a "physically impaired person" receives an accidental personal injury compensable under the Administrative Workers' Compensation Act which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities results in disability materially greater than that which would have resulted from the subsequent injury alone, the employee may proceed against the Multiple Injury Trust Fund for permanent total disability. Only disability due to an injury to the body as a whole at a subsequent employer shall be combinable with a prior body disability, except that disability to a member may be combined with disability to the body as a whole. If such combined disabilities constitute permanent total disability, as defined in Section 2 of this title, the employee shall receive full compensation as provided by law for the disability resulting directly and specifically from the subsequent injury. In addition, the employee shall receive compensation for permanent total disability if the combination of injuries renders the employee permanently and totally disabled. The employer shall be liable only for the degree of percent of disability which would have resulted from the subsequent injury if there had been no preexisting impairment. The compensation rate for permanent total disability awards from the Multiple Injury Trust Fund shall be the compensation rate for permanent partial disability paid by the employer in the last combinable compensable injury.

85A O.S.Supp.2019 § 32(A) (emphasis added). The administrative order sustaining the MITF's motion to dismiss concludes the liability of the MITF should be based upon whether the GRDA was a "subsequent employer" for the purpose of 85A O.S.Supp.2019 § 32(A). The order states a "subsequent employer" must mean an employer "which follows a prior employer in time, order, or place."[6] The order appears to indicate the MITF would be liable if any of petitioner's adjudicated injuries occurred with an employer other than the GRDA. The MITF argues it is not liable because all of petitioner's adjudicated injuries occurred while employed with the GRDA.

¶6 The MITF indicates the term "subsequent" is used in the statute to decrease MITF liability by increasing workers' compensation liability for Oklahoma employers who continue to employ an injured employee with combinable adjudicated injuries until the employee would otherwise be entitled to PTD from the MITF if the employee had more than one employer. The MITF argues Stricklen's disability is the type to be compensated by an employer. The MITF states its "purpose has never been to stand as a 'prime, original, or substitute obligor,' for the employer."[7] In other words, the MITF argues it cannot be liable because the workers' compensation liability for an employee's PTD from combined adjudicated injuries should rest with the "prime, original, or substitute obligor," and not the MITF.

¶7 The MITF did not argue Stricklen actually possessed a workers' compensation remedy for PTD against the GRDA. Instead, the MITF indicates different and successive injuries that are combined for an assessment of PTD is a type of disability which should be placed on an employer and not the MITF when the injuries involve a single employer. The MITF argues shifting MITF liability to an employer serves (1) the original purpose when the MITF was created as the State Indemnity Fund, and (2) a public purpose seeking to decrease MITF liability. The MITF appears to indicate its original purpose involved a public policy for assisting employers who hired employees with injuries, but not a policy to assist either employers who retained employees with injuries or injured employees desiring to be employed.

¶8 The MITF argues: (1) Two groups of employers, (a) those employers who employ a person who had a previous workers' compensation injury with that employer, and (b) those employers with employees without a previous workers' compensation injury with that employer, are not similarly situated employers for the purpose of the Oklahoma Constitution, and (2) The Legislature may possess a public policy to withdraw MITF liability for an employer who prefers to retain, or at least not terminate from employment, an employee who possessed a previously adjudicated workers' compensation disability with the employer.

¶9 The petitioner claims the phrase "subsequent employer" in 85A O.S.Supp.2019 § 32 made the statute "an unconstitutional special law." The administrative law judge concluded: "Claimant has not identified which enumerated subject listed in Article 5, §46 prohibits the application . . . [of the statute and] [w]ithout such identification, it is impossible for the Commission to determine whether a prohibited special law was passed in violation of Article 5 § 46."[8] We have recently explained: "The Oklahoma Constitution, Art 5, § 46, prohibits the Legislature from passing special laws relating to specific subject areas, and Art. 5, § 59 requires the Legislature to enact a general law, and not a special law, whenever possible."[9]

¶10 Petitioner argues 85A O.S. Supp.2019 §32 violates Okla. Const. Art. 5 § 46, and he quotes from: (1) Zeier v. Zimmer, Inc., 2006 OK 98, ¶13, 152 P.3d 861, 868, where we stated "The terms of art. 5, § 46 command that court procedure be symmetrical and apply equally across the board for an entire class of similarly situated persons or things;" and (2) Ponca Iron & Metal, Inc. v. Wilkinson, 2010 OK 75, 2010 OK 75, 242 P.3d 534, where we explained two principles. First, a violation of Okla. Const. Art. 5 § 46 occurs when a statute possesses "a classification that is arbitrary and capricious and bears no reasonable relationship to the object of the Legislation." Secondly, the classification rests "on a false or deficient classification" in the context of a statute of limitations for a terminated employee with cumulative trauma injuries and a different limitations period for non-terminated employees with the same injuries for the purpose of workers' compensation claims. Petitioner's appellate brief cites Okla. Const. Art. 5 § 59 and argues 85A O.S.Supp.2019 § 32 is an unconstitutional special law. He relies upon three of our opinions applying Okla. Const. Art. 5 § 59 in support of his argument.[10]

¶11 In summary, both parties agree 85A O.S.Supp.2019 § 32(A) is a "special law" by targeting or classifying some employers for workers' compensation liability. Their disagreement is whether the statute is a special law that violates the Oklahoma Constitution.

III. Review of Commission's Order

¶12 The law in effect at the time of the injury controls petitioner's claim and the standard of review by an appellate court.[11] Pursuant to 85A O.S. Supp.2019 § 78, this Court may modify, reverse, remand for rehearing, or set aside the Commission's order based upon provisions set forth in section 78,[12] which include an order affected by an error of law.[13] The proposed error of law disputed by petitioner and respondent is whether the phrase "subsequent employer" in 85A O.S.Supp.2019 § 32 has a meaning that violates one of the "special law" provisions of the Oklahoma Constitution.

¶13 We are not required to defer to the parties and the Commission and adopt their meaning for a "subsequent employer" in 85A O.S. §32. A few reasons which independently support this lack of deference include, but are not limited to: (1) If an exercise of judicial or quasi-judicial power gives a meaning to statutory language based upon a party's construction of the statute, then the party's meaning will not necessarily control an appellate court's review and conclusion stating the statutory language has a different meaning as an issue of law;[14] (2) Workers' compensation statutes created using a police power are not subject to invalidation by parties' agreement subsequent to the creation of the statute;[15] (3) When elements of the MITF's liability are construed as elements of jurisdictional power,[16] parties' agreement may not be used to create or extinguish statutorily-defined liability for the MITF,[17] or create jurisdiction by consent unless authorized by statute;[18] (4) The agreement by parties on meaning of the phrase "subsequent employer" in a statute is not the type of agreement or settlement of a claim authorized by a workers' compensation statute;[19] and (5) Although the parties appear to agree the meaning of "subsequent employer" is statutory authority limiting liability of the MITF with petitioner asserting constitutional authority for expanding this liability, as we explain herein another meaning for "subsequent employer" may be used when this other meaning is consistent with MITF workers' compensation statutes, the invoked provisions of the Oklahoma Constitution,[20] public policy articulated by legislative enactments, and previous statutory construction by courts combined with subsequent legislative acquiescence.[21] Additionally, while an issue for adjudication generally consists of facts and conclusions of law presented by controverted pleadings[22] and a lower tribunal's adjudication must be within the scope of issues presented for adjudication by the parties,[23] counsel's argument may not be used to limit our explanation of a statutory public-law regulatory scheme and a statute in that scheme when the argument has raised the issue of law for our review.[24]

¶14 The parties present the question whether statutory language as construed by the Commission violates the State Constitution. We must determine the meaning of the language in the statute. We must ascertain and give effect to legislative intent and meaning expressed by the statute at issue.[25] If the language in the statute is plain and unambiguous, the legislative intent is deemed to be expressed by the statutory language.[26] Rules of construction are applied to determine legislative intent when statutory language is ambiguous or conflicting.[27] Language in a statute is ambiguous when it is susceptible to more than one reasonable interpretation.[28] Whether a statute is susceptible to more than one reasonable interpretation presents an issue of law and is reviewed de novo,[29] and the meaning or construction of ambiguous language also presents an issue of law receiving a de novo review.[30]

¶15 When a statute contains ambiguous language, we will employ well-known canons for statutory construction. These canons may include, but are not limited to, utilizing plain meaning to the extent allowed by the unambiguous language in order to minimize the degree of ambiguity,[31] employing ordinary grammar while recognizing the influence of context,[32] construing language to avoid an internal conflict within the statute,[33] creating a consistency with other statutes on the same subject,[34] noting the presence of any language inconsistent with the statute's purpose,[35] reviewing the historical context of the language,[36] analyzing court opinions contemporary to the statute's creation and their relation to the statute,[37] and determining whether the parties assign meaning to the terms in the statute that destroy the legislative intent, purpose, and goal for the statute at issue.[38] The goal when construing ambiguous language is to give effect to the intent of the legislature.[39]

¶16 Generally, issues concerning a statute's constitutional validity, construction, and application are questions of law subject to our de novo review.[40] When the Court assigns meaning to language in a statute raised by a party and the Court's meaning makes the party's constitutional claim unnecessary for obtaining judicial relief, then the Court need not decide the constitutional claim.[41] This approach is consistent with our review in a public-law dispute when the Court "is not required to resolve issues deemed unnecessary for the disposition of the case before it."[42] We applied this principle almost one hundred years ago when we explained the meaning and effect of a statute upon the jurisdiction of the State Industrial Commission and we declined to address a constitutional issue raised by a party.[43]

¶17 We conclude herein the phrase "subsequent employer" in 85A O.S.Supp.2019 § 32, is reasonably ambiguous. When the whole statute is construed to enforce legislative intent, then the meaning of "subsequent employer" will not support the Commission's order denying petitioner's claim. Because the meaning of the statutory language does not prevent petitioner's claim against the MITF, we need not address the constitutional issue raised by petitioner and we remand for additional proceedings on petitioner's claim.

IV. Petitioner's Claim

¶18 The parties ask the Court to construe and apply the statutory phrase "subsequent employer." We must construe and apply legislative intent derived from the plain language in the statute.[44] If language in a statute is uncertain, such as when a reasonable reading of the statute shows the presence of contextually ambiguous, vague, or conflicting language, then rules of statutory construction are used to construe and apply legislative intent.[45] We must construe a statute "as to give it a sensible effect and a binding force . . . if any reasonable and practical construction can be given to its language."[46]

¶19 When parties ask the Court to focus its analysis on a particular word or phrase in a statute, as the parties herein ask us to analyze the phrase "subsequent employer," we are not allowed to ignore the statutory context wherein the particular word or phase appears. Although each word in a statute contributes to an understanding of an articulated legislative intent, courts have historically explained that legislative intent must be determined by the statute as a whole and not solely by an isolated word, phrase, or "particular expression" in the statute.[47] We recently explained this principle: "When interpreting statutes, we do not limit our consideration to a single word or phrase. 'Words used in a part of a statute must be interpreted in light of their context and understood in a sense that harmonizes with all other parts of the statute.'"[48]

¶20 When construing statutory language we must also consider the meaning of language in additional statutes on the same subject matter "as part of a coherent system," since different statutes on the same subject are generally to be viewed as in pari materia and must be construed as a harmonious whole."[49] When two statutes are enacted at the same time and involve the same subject matter, then both statutes are considered for enforcing legislative intent.[50] These principles of statutory construction are given additional legislative force in our controversy by one statute, 85A O.S. §30, and its language stating section 30 is used when construing 85A O.S. §32.

¶21 Our preliminary review of 85A O.S. §32 is expanded beyond this section by 85A O.S.Supp.2019 § 30 which includes the following.

A. For the purposes of Sections 31 through 35 of this title, the term "physically impaired person" means a person who, as a result of accident, disease, birth, military action, or any other cause, has suffered: . . .

3. Any previous adjudications of compensable permanent partial disability adjudged and determined by the Workers' Compensation Court, the Workers' Compensation Court of Existing Claims or the Workers' Compensation Commission.

85A O.S.Supp.2019 §30 (emphasis added). The Workers' Compensation Commission determined Stricklen was a "physically impaired person" who has suffered "previous adjudications of compensable permanent partial disability adjudged and determined by the Workers' Compensation Court, the Workers' Compensation Court of Existing Claims or the Workers' Compensation Commission." The Commission determined Stricklen was a "physically impaired person" for the purpose of 85A O.S.Supp.2019 § 30, and this statute applies to 85A O.S.Supp.2019 § 32. The first sentence of 85A O.S.Supp.2019 § 32 states as follows.

If an employee who is a "physically impaired person" receives an accidental personal injury compensable under the Administrative Workers' Compensation Act which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities results in disability materially greater than that which would have resulted from the subsequent injury alone, the employee may proceed against the Multiple Injury Trust Fund for permanent total disability.

85A O.S.Supp.2019 § 32 (emphasis added). The language from sections 30 and 32 combined state a claimant who is a physically impaired person for section 30 may proceed against the MITF. The MITF appears to agree with the Commission's order finding Stricklen to be a physically impaired person pursuant to section 30. The MITF appears to agree the first sentence of 85A O.S. § 32 states Stricklen "may proceed against the Multiple Injury Trust Fund." But the MITF relies upon the second sentence of 85A O.S. § 32 to strip that statutory right from Stricklen. The second sentence states as follows.

Only disability due to an injury to the body as a whole at a subsequent employer shall be combinable with a prior body disability, except that disability to a member may be combined with disability to the body as a whole.

85A O.S.Supp.2019 § 32 (A) (emphasis added). The MITF relies upon the meaning of "subsequent" in the sentence. This term also occurs in the third sentence of the same paragraph.

If such combined disabilities constitute permanent total disability, as defined in Section 2 of this title, the employee shall receive full compensation as provided by law for the disability resulting directly and specifically from the subsequent injury.

Id. (Emphasis added). The term "subsequent" is used to describe both an employer and an injury. The fifth sentence of the same paragraph references "the employer" and again to a "subsequent injury."

The employer shall be liable only for the degree of percent of disability which would have resulted from the subsequent injury if there had been no preexisting impairment.

85A O.S.Supp.2019 § 32(A) (emphasis added).

¶22 Our examination of the language must include the possibility that the term "subsequent" used with both "employer" and "injury" has a consistent and non-contradictory meaning other than the one asserted by the MITF; further, whether this meaning is consistent with legislative intent for 85A O.S.Supp.2019 § 32, and if such meaning would make adjudicating petitioner's constitutional claim unnecessary for the proceeding. Reasons for this include: First, a term is given the same meaning throughout a statute "unless the contrary clearly appears from the whole statute" or "unless there is clear legislative intent to the contrary;"[51] and Secondly, meaning of statutory language is construed so that it does not contradict either itself or the constitution, and when the language is part of a public-law regulatory scheme the language is also construed to give effect to the public interests the regulatory scheme serves.[52] We must examine legislative intent with a presumption the intent is constitutional and serving the enacted regulatory scheme.[53]

¶23 The MITF argues two factors are part of legislative intent. It argues 85A O.S. §32 is to protect employers against a legal responsibility for an employee's disability arising from a combination of new and old injuries so that employer may employ a physically impaired person without fear "of having to pay for disabilities not inflicted" by that employer. The MITF relies upon Ball v. Multiple Injury Trust Fund, 2015 OK 64, 360 P.3d 499, and Dean v. Multiple Injury Trust Fund, 2006 OK 78, 145 P.3d 1097. The second factor raised is a legislative intent to decrease the liability of the MITF. The Fund relies upon Ball, Dean, and an opinion by the Court of Civil Appeals.[54]

¶24 We stated in Ball, "The Legislature established the Fund in 1943 "to encourage employment of previously impaired workers.'" Ball, 2015 OK 64, ¶ 7, 360 P.3d 499, 502. This was accomplished by insulating "employers from having to pay permanent total disability benefits to a previously impaired worker who suffers an additional work-related injury." Engles v. Multiple Injury Trust Fund, 2018 OK 68, ¶8, 428 P.3d 310, 312. In a context of explaining why our State indemnity fund should not be statutorily liable on the basis of legislative intent in a circumstance of separately adjudicated but simultaneous injuries, we stated that: "simultaneous injuries against the Fund did not further the primary legislative purpose behind the Act, recognized by us for over forty years, to wit: to foster employment or retention of previously impaired individuals." Special Indemnity Fund v. Choate, 1993 OK 15, 847 P.2d 796, 801 (emphasis added).[55]

¶25 The MITF's view would create a financial incentive for an employer to minimize future liability by not retaining for employment a worker who had a previously adjudicated injury with the same employer. The MITF's view that historical legislative intent did not encourage a retention of injured employees by a single employer is simply incorrect. Special Indemnity Fund v. Choate, supra.

¶26 The MITF is correct that the Legislature may possess a purpose or intent to decrease the legal liability of the MITF. In Multiple Injury Trust Fund v. Pullum, 2001 OK 115, 37 P.3d 899, 904, we discussed Autry v. Multiple Injury Trust Fund, 2001 OK 79, ¶10, 38 P.3d 213, and explained a statutory amendment that shifted liability for a disability caused by a combination of injuries resulting in PTD to the subsequent employer by statutory language. Pullum, 2001 OK 115, ¶¶12-13, 37 P.3d at 905-06.

¶27 The liability shifting language stated: "The employer shall be liable for the degree of percent of disability which would have resulted from the subsequent injury if there had been no preexisting impairment and for any material increase resulting from the combination of such injuries." Id. 2001 OK 115, ¶12, 37 P.3d at 905 (quoting 85 O.S.Supp.2000 § 172(B)(2) (repealed by Laws 2011, c. 318, § 87)). Language in this former statute, § 172, imposed legal liability on an employer for both the subsequent injury "and for any material increase resulting from the combination of such injuries." This language from section 172 does not appear in 85A O.S. Supp.2019 § 32. In the 2019 version of section 32, when the MITF is liable for PTD the employer's liability is limited: "The employer shall be liable only for the degree of percent of disability which would have resulted from the subsequent injury if there had been no preexisting impairment." 85A O.S.Supp.2019 §32.

¶28 Our Legislature knows how to include clear language in a statute for either shifting liability from an indemnity fund to an employer or creating additional or new liability for an employer. Pullum, supra. There is nothing in the term "subsequent" as an identifying grammatical modifier of "employer" to show a legislative intent that additional liability should be created for an employer.

¶29 There is also nothing in the use or context of "subsequent" to show a decrease in MITF liability based upon the identities of different employers other than referencing the last or most recent employer for the employee when the "subsequent injury" occurred. In Pullum we used language equating a subsequent job-related injury with the last job-related injury, and a subsequent employer with an employer at the time of the last job-related injury. Pullum, 2001 OK 115, ¶13, 37 P.3d at 905-06.

¶30 The term "subsequent" does refer to something following or later than something else.[56] However, nothing in our language could be reasonably construed that the last, later, or subsequent employer must be a different employer from the employee's previous employers and "subsequent employer" must be read in isolation from the context of "subsequent injury." The Legislature is presumed to know both the language used in its former statutes and the judicial constructions placed upon the language, such as our use of "subsequent,"[57] and the Legislature is presumed to have had in mind the judicial construction of statutory language when using the same language in a later statute involving a similar subject.[58]

¶31 The MITF argues it should not be liable for an employee's disability due to injuries incurred while employed by the same employer. The MITF argues its "purpose has never been to stand as a 'prime, original, or substitute obligor,' for the employer. The MITF invokes the history of the indemnity fund for this statement. While the statement is true in one sense, the MITF is incorrect with its application to the current controversy.

¶32 For example, in Special Indem. Fund of State v. Dickinson, 1953 OK 20, 253 P.2d 161, the employee had two claims with two different dates of injury, involving two different areas of his body, right knee and left knee, and both claims were against the same employer. The State Industrial Commission made an award against the Special Indemnity Fund. Because the award lacked specific findings as to the percent of disability required by 85 O.S.1951 § 172,[59] the award was reversed for the purpose of the Commission making proper calculations for an award against the Fund. Id. 253 P.2d at 41.

¶33 In Dickinson, the employer's liability was statutorily limited to "the degree or per centum of disability which would have resulted from the later injury if there had been no pre-existing impairment." 51 O.S.1951 § 172.[60] This language in the 1951 statute is similar to language in 85A O.S.Supp.2019 §32 limiting an employer's liability to the degree of percent of disability which would have resulted from the employee's most recent injury if there had been no preexisting impairment. In Dickinson the former Special Indemnity fund was liable for the disability created by the combined injuries similar to the MITF's liability for a PTD resulting from combined injuries. The fact that one employer was involved when the employee had successive injuries in Dickinson did not turn the Special Indemnity Fund's liability into standing as a prime, original, or substitute obligor.[61]

¶34 The issue whether the Special Indemnity Fund is liable as an original obligor could arise when a proceeding adjudicated whether the employee's most recent injury was by itself sufficient for the degree and type of disability statutorily specified for the Special Indemnity Fund's liability. For example, in Petroleum Maintenance Co. v. Herron, 1949 OK 76, 205 P.2d 182, the employee's most recent injury to his back resulted in a total permanent disability apart from his previous injuries, and "there was no liability on the Special Indemnity Fund."Id. 206 P.2d at 184. A similar result occurred in Ball v. Multiple Injury Trust Fund, 2015 OK 64, 360 P.3d 499, when we explained why an employee with "no prior adjudicated on-the-job injuries" was unsuccessful with seeking to make the MITF liable.

¶35 We explained in Petroleum Maintenance Co., the Fund's statutory liability is derivative in nature and based upon a combination of previous injuries.[62] Stricklen is using a combination of previously adjudicated injuries to show a PTD with the MITF possessing a derivative liability.

¶36 Broad language is found in some opinions stating the employer's obligation "to bear full responsibility under the law for disability resulting directly from accidental injury occurring in his employment."[63] Our language was used to explain why an employer's liability may not be shifted by an employer to an indemnity fund. This language has not been used to supplant the Legislature's intent and will expressed in an indemnity fund statute.

V. Conclusion

¶37 We conclude the language "subsequent employer" in 85A O.S.Supp.2019 § 32 refers to the employer at the time of employee's "subsequent injury" also referenced in 85A O.S.Supp.2019 § 32, which injury is used for the purpose of that statute for a claim against the MITF in accordance with that statute.

¶38 We conclude the MITF's selected meaning for "subsequent" in the phrase "subsequent employer" in 85A O.S.Supp.2019 § 32 is incorrect. This incorrect selected meaning by the MITF was used by the administrative law judge to deny employee's claim against the MITF. The Commission's order affirmed the decision of the administrative law judge and was also based upon this incorrect meaning for a "subsequent employer."

¶39 The Commission's order must be reversed pursuant to 85A O.S. Supp.2019 § 78, because the order is affected by an error of law. The cause is remanded to the Commission for further proceedings on petitioner's claim against the MITF.

¶40 CONCUR: KAUGER, EDMONDSON, COMBS, GURICH, and DARBY, JJ.

¶41 DISSENT: KANE, C.J.; ROWE, V.C.J.; and KUEHN, J.

¶42 NOT VOTING: WINCHESTER, J.

FOOTNOTES

[1] O.R. at 40, Order Sustaining Motion to Dismiss (June 8, 2022) (Oklahoma Workers' Compensation Commission, administrative law judge).

85A O.S.Supp.2019 § 30(A)(3) stated: "A. For the purposes of Sections 31 through 35 of this title, the term "physically impaired person" means a person who, as a result of accident, disease, birth, military action, or any other cause, has suffered:... 3. Any previous adjudications of compensable permanent partial disability adjudged and determined by the Workers' Compensation Court, the Workers' Compensation Court of Existing Claims or the Workers' Compensation Commission." (Material omitted).

[2] O.R. at 37-38, Order Sustaining Motion to Dismiss (June 8, 2022) (Oklahoma Workers' Compensation Commission, administrative law judge).

[3] A party aggrieved by the judgment, decision, or award made by the administrative law judge may, within ten (10) days of issuance, appeal to the Workers' Compensation Commission. 85A O.S.2021 § 78(A). Oklahoma Administrative Code, 810:10-1-13 (b) (eff. 8-27-2015) states when the period prescribed or allowed is less than eleven (11) days, then "intermediate legal holidays and any other day when the office of the Clerk of the Commission does not remain open for public business until the regularly scheduled closing time, shall be excluded from the computation."

[4] O.R. at 94, Order Affirming Decision of the Administrative Law Judge (Sept. 19, 2022).

[5] 85A O.S.2021 § 78(C) states in part: "The judgment, decision or award of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties unless an action is commenced in the Supreme Court of this state to review the judgment, decision or award within twenty (20) days of being sent to the parties."

[6] O.R. at 41, Order of Administrative Law Judge (June 89, 2022).

[7] MITF Response Brief at 5 (quoting Ball v. MITF, 2015 OK 64, ¶8, 360 P.3d 499).

[8] Id.

[9] Berkson v. State ex rel. Askins, 2023 OK 70, ¶45, 532 P.3d 36, 53 (citing Glasco v. State ex rel. Okla. Dep't of Corr., 2008 OK 65, ¶20, 188 P.3d 177, 184).

[10] Vasquez v. Dillard's, Inc., 2016 OK 89, ¶36, 381 P.3d 768, 775; Maxwell v. Sprint PCS, 2016 OK 41, ¶31, 369 P.3d 1079, 1094; Grant v. Goodyear Tire & Rubber Co., 2000 OK 41, ¶12, 5 P.3d 594, 598.

[11] Mullendore v. Mercy Hosp. Ardmore, 2019 OK 11, ¶11, 438 P.3d 358, 363 (citing Vasquez v. Dillard's, Inc., 2016 OK 89, 381 P.3d 768; Brown v. Claims Mgmt. Res. Inc., 2017 OK 13, ¶ 9, 391 P.3d 111, 115).

[12] Mullendore v. Mercy Hosp. Ardmore, 2019 OK 11, ¶ 11, 438 P.3d 358, 363.

85A O.S.Supp.2019 §78 (C) states in part: "The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was:...4. Affected by other error of law."

[13] 85A O.S.Supp.2019 § 78(C)(4).

[14] Keota Mills & Elevator v. Gamble, 2010 OK 12, ¶19, 243 P.3d 1156, 1162 (appellate court possesses "power to identify and apply the proper construction of the governing law"); MITF v. Sugg, 2015 OK 78, ¶5, 362 P.3d 222, 224 ("Statutory construction presents a question of law and lower court rulings in this regard are reviewed de novo."); cf. Farley v. City of Claremore, 2020 OK 30, ¶18, 465 P.3d 1213, 1224-25 (A party's assigned meaning of a workers' compensation statute when rejected by a District Court's judgment presented an error of law for de novo appellate review).

[15] Shepard v. Okla. Dept. of Corrections, 2015 OK 8, ¶18, n.27, 345 P.3d 377, 383-384 (statute created by an exercise of a police power is not controlled by parties' agreement made after the statute was enacted) (citing Edmondson v. Pearce, 2004 OK 23, ¶¶ 28--29, 91 P.3d 605, 621--622, cert. denied sub nom. Tally v. Edmondson, 543 U.S. 987, 125 S.Ct. 495, 160 L.Ed.2d 371 (2004)); cf. 85A O.S. 2021 § 8(A) ("No agreement by an employee to waive his or her right to compensation shall be valid. No contract, regulation, or device shall operate to relieve the employer or carrier, in whole or in part, from any liability created by this act, except as specifically provided in this act.").

[16] Stidham v. Special Indem. Fund, 2000 OK 33, n.20, 10 P.3d 880, 886 ("All portions of the Special Indemnity Fund Act that affect the outer limit of the Fund's statutory liability stand construed as a restraint on the Workers' Compensation Court's jurisdictional power.").

[17] The MITF is a statutory fund within the dominion and control of the Legislature. 85A O.S.Supp.2019 § 31 (as amended); Tulsa Stockyards, Inc. v. Clark, 2014 OK 14, ¶20, 321 P.3d 185, 193 (former State Insurance Fund with authority to administer the MITF was within legislative dominion and control); Fehring v. State Ins. Fund, 2001 OK 11, ¶¶10-22, ¶18, 19 P.3d 276, 279-282, 281 (overruled on other and limited ground, Gowens v. Barstow, 2015 OK 85, ¶43, 364 P.3d 644, 658); State ex rel. State Ins. Fund v. JOA, Inc., 2003 OK 82, ¶¶21-25, 78 P.3d 534, 540-41 (SIF could not waive or by agreement alter the scope of its statutory functions and authority, unless when statutorily allowed and not prohibited by mandatory law). Similarly, the parties may not by agreement enlarge or diminish the statutory boundaries for the MITF's liability unless agreement is statutorily authorized and not prohibited by mandatory law.

[18] Red Rock Mental Health v. Roberts, 1996 OK 117, 940 P.2d 486, 491 (jurisdiction of Workers' Compensation Court may not be granted by agreement); Hardy Sanitarium v. DeHart, 1933 OK 337, 22 P.2d 379, 381 (jurisdiction of the State Industrial Commission could not be conferred by agreement); cf. Mahan v. NTC of America, 1992 OK 8, 832 P.2d 805, 807-08 (Opala, J., concurring) (employment status is a jurisdictional question "originally rooted in federal constitutional pronouncements").

[19] See, e.g., 85A O.S.Supp.2019 §§ 87, 115 (settlement of claim and joint petition for settlement).

[20] Stidham v. Special Indem. Fund, 2000 OK 33, n.26, 10 P.3d 880, 887 (in a public law controversy we are not required to address issues the parties fail to address); State ex rel. Fent v. State ex rel. Okla. Water Res. Bd., 2003 OK 29, ¶12, 66 P.3d 432, 439 (Court does not resolve a constitutional issue in advance of strict necessity); Burdick v. Indept. Schl. Dist. No. 52 of Okla. Cty., 1985 OK 49, n.10, 702 P.2d 48, 54 (A sua sponte analysis need only address what is dispositive for the issue pressed for review.); cf. Dutton v. City of Midwest City, 2015 OK 51, n.71, 353 P.3d 532, 548 (writ may not issue to resolve a question publici juris when an alternative adequate remedy exists).

[21] See discussion in "IV. Petitioner's Claim."

[22] Boston v. Buchanan, 2003 OK 114, ¶ 6, 89 P.3d 1034, 1038.

[23] In re Guardianship of Stanfield, 2012 OK 8, n.52, 276 P.3d 989, 1001.

[24] Benning v. Pennwell Pub. Co., 1994 OK 113, n.20, 885 P.2d 652, 656 (citing Reynolds v. Special Indemn. Fund, 1986 OK 64, 725 P.2d 1265, 1270 (in a public-law controversy, if the aggrieved party advances the wrong theory or reason for reversal, the reviewing court is free to grant corrective relief on any applicable theory chosen sua sponte when the theory is legally invocable to correct a pressed decisional error manifested by the record on appeal and dispositive of the public-law controversy); Beville v. Curry, 2001 OK 1, ¶11, 39 P.3d 754, 759 (A public policy issue presented by parties' statutory construction may be addressed by a legal analysis not presented by the parties but supported by the record.).

[25] In re T. H., 2015 OK 26, ¶ 9, 348 P.3d 1089, 1092 ("The fundamental rule of statutory construction is to ascertain and give effect to legislative intent, and that intent is first sought in the language of a statute."); Rogers v. Quiktrip Corp., 2010 OK 3, 11, 230 P.3d 853, 859 ("The fundamental rule of statutory construction is to ascertain and give effect to legislative intent."); State ex rel. Oklahoma Dept. of Health v. Robertson, 2006 OK 99, ¶ 6, 152 P.3d 875, 877--78 ("Legislative intent governs statutory interpretation and this intent is generally ascertained from a statute's plain language."); In re Abrams' Will, 1938 OK 162, 77 P.2d 101, 103 (court has a duty to ascertain and enforce the legislative intent).

[26] Yocum v. Greenbriar Nursing Home, 2005 OK 27, ¶ 9, 130 P.3d 213, 219.

[27] Strack, Trustee of Patricia Ann Strack, etc. v. Continental Resources, Inc., 2021 OK 21, ¶18, 507 P.3d 609, 616.

[28] Matter of Protest of Raytheon Co. and Subsidiaries, 2022 OK 32, ¶9, 512 P.3d 333, 337 (citing Kohler v. Chambers, 2019 OK 2, ¶ 6, 435 P.3d 109, 111).

[29] Barnett v. Okay Pub. Works Auth., 2022 OK 24; ¶13, 507 P.3d 1245, 1248 (citing In re Petition No. 397, State Question No. 767, 2014 OK 23, ¶9, 326 P.3d 496, 501 ("consistent with a court's construction of alleged ambiguity in a contract, a judicial determination of the presence of more than one reasonable construction of the statutory language, i.e., ambiguity, presents a question of law")).

[30] Bed Bath & Beyond, Inc. v. Bonat, 2008 OK 47, ¶6, 186 P.3d 952, 954 ("The construction of an ambiguous statute presents an issue of law. As such, it is reviewed de novo.").

[31] Humphries v. Lewis, 2003 OK 12, ¶7, 67 P.3d 333, 335 ("Where the language of a statute is clear and unambiguous, the language will be given its plain meaning.").

[32] Toch, LLC v. City of Tulsa, 2020 OK 81, ¶25, 474 P.3d 859, 867 (Court examined the use of a disjunctive term, its ordinary meaning, and the potential for when "context dictates otherwise.").

[33] Young v. Station 27, Inc., 2017 OK 68, ¶ 18, 404 P.3d 829, 838.

[34] Mustain v. Grand River Dam Authority, 2003 OK 43, n.44, 68 P.3d 991, 999 (citing Culbertson v. McCann, 1983 OK 57, ¶14, 664 P.2d 388, 391(citing DeGraffenreid v. Iowa Land and Trust Co., 2908 OK 49, 95 P. 624, 639)); Black's Law Dictionary 794 (7th ed.1999) (in pari materia meaning "upon the same matter," for the principle that statutes are construed together so that inconsistencies in one may be resolved by examining another statute on the same subject matter).

[35] Assessments for Tax Year 2012 of Certain Properties Owned by Throneberry v. Wright, 2021 OK 7, n.37, 481 P.3d 883, 894 (citing Rogers v. Quiktrip, 2010 OK 3, ¶ 13, 230 P.3d 853, 860 (when examining whether an irreconcilable conflict was present in then current statutory language the Court explained the purpose of an enactment created by the legislature in 1933).

[36] Assessments for Tax Year 2012 etc., supra note 35 at 2021 OK 7, n.37, 481 P.3d at 894 (citing Berry v. State ex rel. Okla. Pub. Emps. Ret. Sys., 1989 OK 14, 768 P.2d 898, 899 (any doubt as to the meaning of a statute may be resolved by reference to its history) (citing Lekan v. P & L Fire Protection Co., 1980 OK 56, 609 P.2d 1289, 1292)).

[37] Assessments for Tax Year 2012, etc., supra note 35 at 2021 OK 7, n.38, 481 P.3d at 895 (citing In re Guardianship of Stanfield, 2012 OK 8, ¶¶ 12-20, 276 P.3d 989, 994-999 (discussion of 1924 legislation in the context of then contemporary court opinions, and how this authority related to application of current statutes which included subsequent codification of the 1924 legislation)).

[38] Assessments for Tax Year 2012 etc., supra note 35 at 2021 OK 7, ¶24, 481 P.3d 883, 895.

[39] Matter of Protest of Raytheon Co. note 28 supra.

[40] Brown v. Claims Mgmt. Res. Inc., 2017 OK 13, ¶10, 391 P.3d 111, 115; see also Schlumberger Tech. Corp. v. Paredes, 2023 OK 42, ¶3, 528 P.3d 772, 774 (statutory interpretation of workers' compensation statute presents a question of law which receives a de novo review by the Court).

[41] Smith v. Westinghouse Elec. Corp., 1987 OK 3, n.3, 732 P.2d 466, 467 ("The judiciary will not decide constitutional issues in advance of strict necessity. When, as here, the legal relief sought clearly is affordable upon alternative grounds, consideration of constitutional infirmities is deemed precluded by a self-erected 'prudential bar' of restraint."); Board of County Comm'rs v. Lowery, 2006 OK 31, ¶ 14, 136 P.3d 639, 649 (when legal relief is available on alternative non-constitutional grounds, the Court usually avoids reaching a determination on the constitutional issue unless circumstances require additional analysis, e.g., when a statutory issue is necessarily intertwined with a constitutional issue); Brown v. Claims Management Resources Inc., 2017 OK 13, ¶ 27, 391 P.3d 111, 119-120 ("Because relief is available on alternative grounds, we need not reach the constitutional issues presented.").

[42] Reynolds v. Special Indem. Fund, 2000 OK 33, n.26, 10 P.3d 880, 887.

[43] Pine v. State Indus. Com'n, 1925 OK 287, 235 P. 617, 619; cf. United States v. Davis, 588 U.S. ___, n.6, 139 S.Ct. 2319, n.6, 204 L.Ed.2d 757 (2019), (citing Parsons v. Bedford, 28 U.S. (3 Pet.) 433, 448--49, 7 L.Ed. 732 (1830) (Story, J.), and Rust v. Sullivan, 500 U.S. 173, 190--191, 111 S.Ct. 1759, 114 L.Ed.2d 233 (1991) (the Davis Court described two canons of construction: A presumption of constitutionality with interpreting ambiguous language to avoid rendering a statute unconstitutional, and a second view that courts should construe ambiguous language "to avoid the need even to address serious questions" about the constitutionality of statutory language.)).

[44] Matter of Estate of Foresee, 2020 OK 88, ¶14, 475 P.3d 862, 867.

[45] Ghoussoub v. Yammine, 2022 OK 64, ¶18, 518 P.3d 110, 114; S.K.W. v. State, 2022 OK 39, ¶15, 508 P.3d 449, 455.

[46] Trapp v. Dykes, 1929 OK 520, 282 P. 882, 884 (material omitted).

[47] See, e.g., State v. Shaw, 9 S.C. (Richardson) 94, 115 (1878) (citing F. Dwarris, A General Treatise on Statutes, 193 [(P. Potter ed. 1871)] "The intent of the Legislature is not to be collected from any particular expression, but from a general view of the whole of an Act of Parliament."); Bull v. Read, 54 Va. (13 Gratt.) 78, 84 (1855) ("Nor is the intent to be ascertained from a particular expression, but from the whole act."), Ramsey v. Leeper, 1933 OK 661, 31 P.2d 852, 869 (McNeill, J., specially concurring) (framers of law "do not weigh only the force of single words") (quoting State v. Lowry, 166 Ind. 372, 77 N. E. 728, 734, 4 L. R. A. (N. S.) 528, 9 Ann. Cas. 350 (1906) and Potter's Dwarris on Statutes, 196); Theodore Sedgwick, A Treatise on the Rules Which Govern the Interpretation and Construction of Statutory and Constitutional Law, 225 (2d ed. 1874, Fred B. Rothman & Co. reprint 1980) (same) (citing State ex rel. Harper vs. Judge, 12 La.Ann. 777 (1857); State ex rel. Wilcox v. Weigle, 48 Mo. 29 (1871)).

[48] Ghoussoub v. Yammine, 2022 OK 64, ¶19, 518 P.3d 110, 114-115 (citing McNeill v. City of Tulsa, 1998 OK 2, ¶ 9, 953 P.2d 329, 332; and quoting In re Estate of Little Bear, 1995 OK 134, ¶ 22, 909 P.2d 42, 50).

[49] Taylor v. State Farm Fire & Cas. Co., 1999 OK 44, ¶ 19, 981 P.2d 1253, 1261; see also Black's Law Dictionary 1270 (4th ed. 1951) (pari materia, "Lat. Of the same matter; on the same subject; as, laws pari materia must be construed with reference to each other."); Cowart v. Piper Aircraft Corp., 1983 OK 66, ¶ 5, 665 P.2d 315, 317 (constitutional provisions and statutes on the same subject should be construed in pari materia with each other as part of a coherent system) (citing Poafpybitty v. Skelly Oil Co., 1964 OK 162, 394 P.2d 515).

[50] Shepard v. Okla. Dep't of Corr., 2015 OK 8, ¶15, 345 P.3d 377, 383.

[51] Boyd v. U.S. ex rel. U.S. Army Corps of Engineers, 1992 OK 51, 830 P.2d 577, 580; Walton v. Donnelly, Com'r of Finance and Accounting, 1921 OK 258, ¶ 0, 201 P. 367 (Court Syllabus).

[52] Young v. Station 27, Inc., 2017 OK 68, ¶¶18-20, 404 P.3d 829, 838-840.

[53] Starkey v. Oklahoma Dept. of Corrections, 2013 OK 43, ¶44, 305 P.3d 1004, 1020 ("In Oklahoma legislative enactments are presumed constitutional.").

[54] City of Edmond v. Vernon, 2009 OK CIV APP 36, 210 P.3d 860 (released for publication by order of the Court of Civil Appeals).

[55] See also, Special Indemn. Fund v. Archer, 1993 OK 14, 847 P.2d 791, 794 ("As appears obvious to us allowance of recovery against the Fund for simultaneous injuries,...those injuries occurring at the same time, does not further the purpose of either employment or retention of previously impaired workers.") (material omitted and emphasis added).

[56] See, e.g., Black's Law Dictionary 1596 (4th ed. 1951) (subsequent, "following in time; coming or being later than something else; succeeding").

[57] State ex rel. Bd. of Tax Roll Corr. of Tulsa Cty. v. Mack Truck Sales of Tulsa, Inc., 1980 OK 178, 620 P.2d 388, 391.

[58] Leo v. Oklahoma Water Resources Bd., 2023 OK 96, ¶20, 536 P.3d 939, 947 (quoting Prettyman v. Halliburton Co., 1992 OK 63, ¶ 21, 841 P.2d 573, 580 ("When ascertaining legislative intent the Court must presume that when adopting the amendment, the legislature had knowledge of the law as it previously existed and had in mind the judicial construction which had been placed on that law.")).

[59] 51 O.S.1951 § 172, included in part: "If such combined disabilities constitute a permanent total disability, as now defined by the Workmen's Compensation Laws of this State, then such employee shall receive one hundred (100%) per centum of the compensation...If such combined disabilities constitute only a partial permanent disability,... then such employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent injury, and in addition thereto such employee shall receive full compensation for his combined disability as above defined, after deducting therefrom the per centum of that disability,...an employer shall be liable only for the degree or per centum of disability which would have resulted from the later injury if there had been no pre-existing impairment." (Material omitted).

An award against the former Fund involving permanent partial disability and permanent total disability, and application of 52 O.S.1951 § 172 is discussed in Special Indem. Fund v. Wilson, 1959 OK 236, 348 P.2d 1072, 1074-75. Dissolution of the Fund and later reinstatement of MITF liability for a combination of disabilities related to permanent total disability is discussed in Ball v. MITF, 2015 OK 64, ¶¶11-13, 360 P.3d 499, 504-05.

[60] 51 O.S.1951 § 172 supra note 59.

[61] See, e.g., MITF v. McCauley, 2015 OK 84, ¶¶1-2, 6, 374 P.3d 773, 774-775 (although the issue of a single employer was not addressed, the Court affirmed an award against the MITF in a circumstance of three separate claims against the same employer).

[62] See, e.g., Levi v. Special Indem. Fund, 1964 OK 32, 389 P.2d 620, 622 (Liability of the Special Indemnity Fund is considered "purely derivative," and "deduced from the anterior obligation of the employer;" the "liability does not attach unless and until the extent of the primary obligation, which is sought to be supplemented, stands judicially established by an award against the employer.").

[63] Petroleum Maintenance Co. v. Herron, 1949 OK 76, 205 P.2d 182, 184.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2009 OK CIV APP 36, 210 P.3d 860, 
CITY OF EDMOND v. VERNON
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1986 OK 64, 725 P.2d 1265, 57 OBJ 2357, 
Reynolds v. Special Indem. Fund
Discussed

 
1987 OK 3, 732 P.2d 466, 58 OBJ 68, 
Smith v. Westinghouse Elec. Corp.
Discussed

 
1989 OK 14, 768 P.2d 898, 60 OBJ 260, 
Berry v. State ex rel. Oklahoma Public Employees Retirement System
Discussed

 
1992 OK 8, 832 P.2d 805, 63 OBJ 286, 
Mahan v. NTC of America
Discussed

 
1992 OK 51, 830 P.2d 577, 63 OBJ 1283, 
Boyd v. U.S. ex rel. U.S. Army Corps of Engineers
Discussed

 
1992 OK 63, 841 P.2d 573, 63 OBJ 1359, 
Prettyman v. Halliburton Co.
Discussed

 
2001 OK 1, 39 P.3d 754, 72 OBJ 2929, 
BEVILLE v. CURRY
Discussed

 
1993 OK 14, 847 P.2d 791, 64 OBJ 594, 
Special Indem. Fund v. Archer
Discussed

 
1993 OK 15, 847 P.2d 796, 64 OBJ 585, 
Special Indem. Fund v. Choate
Discussed

 
1938 OK 162, 77 P.2d 101, 182 Okla. 215, 
In re ABRAMS' WILL
Discussed

 
2001 OK 11, 19 P.3d 276, 72 OBJ 545, 
FEHRING v. STATE INS. FUND
Discussed

 
1994 OK 113, 885 P.2d 652, 65 OBJ 3352, 
Benning v. Pennwell Pub. Co.
Discussed

 
1953 OK 20, 253 P.2d 161, 208 Okla 39, 
SPECIAL INDEMNITY FUND v. DICKINSON
Discussed

 
2001 OK 79, 38 P.3d 213, 72 OBJ 3055, 
AUTRY v. MULTIPLE INJURY TRUST FUND
Discussed

 
2001 OK 115, 37 P.3d 899, 72 OBJ 3695, 
MULTIPLE INJ. TRUST FUND v. PULLUM
Discussed at Length

 
1959 OK 236, 348 P.2d 1072, 
SPECIAL INDEMNITY FUND v. WILSON
Discussed

 
1908 OK 49, 95 P. 624, 20 Okla. 687, 
DE GRAFFENREID v. IOWA LAND & TRUST CO.
Cited

 
1933 OK 337, 22 P.2d 379, 164 Okla. 29, 
SANITARIUM v. DeHART
Discussed

 
1933 OK 661, 31 P.2d 852, 168 Okla. 43, 
RAMSEY v. LEEPER
Discussed

 
1921 OK 258, 201 P. 367, 83 Okla. 233, 
WALTON v. DONNELLY
Discussed

 
1964 OK 32, 389 P.2d 620, 
LEVI v. SPECIAL INDEMNITY FUND
Discussed

 
1964 OK 162, 394 P.2d 515, 
POAFPYBITTY v. SKELLY OIL COMPANY
Discussed

 
1995 OK 134, 909 P.2d 42, 66 OBJ 3827, 
In the Matter of the Estate of Little Bear
Discussed

 
2003 OK 12, 67 P.3d 333, 
HUMPHRIES v. LEWIS
Discussed

 
2003 OK 29, 66 P.3d 432, 
STATE ex rel. FENT v. STATE ex rel. OKLAHOMA WATER RESOURCES BOARD
Discussed

 
2003 OK 43, 68 P.3d 991, 
MUSTAIN v. GRAND RIVER DAM AUTHORITY
Discussed

 
2003 OK 82, 78 P.3d 534, 
STATE ex rel. STATE INSURANCE FUND v. JOA, INC.
Discussed

 
2003 OK 114, 89 P.3d 1034, 
BOSTON v. BUCHANAN
Discussed

 
2004 OK 23, 91 P.3d 605, 
EDMONDSON v. PEARCE
Discussed

 
2005 OK 27, 130 P.3d 213, 
YOCUM v. GREENBRIAR NURSING HOME
Discussed

 
2006 OK 31, 136 P.3d 639, 
BOARD OF COUNTY COMMISSIONERS OF MUSKOGEE COUNTY v. LOWERY
Discussed

 
2006 OK 78, 145 P.3d 1097, 
DEAN v. MULTIPLE INJURY TRUST FUND
Discussed

 
2006 OK 98, 152 P.3d 861, 
ZEIER v. ZIMMER, INC.
Discussed

 
2006 OK 99, 152 P.3d 875, 
STATE ex rel. OKLA. STATE DEPT. OF HEALTH v. ROBERTSON
Discussed

 
2008 OK 47, 186 P.3d 952, 
BED BATH & BEYOND, INC. v. BONAT
Discussed

 
2008 OK 65, 188 P.3d 177, 
GLASCO v. STATE ex rel. OKLAHOMA DEPARTMENT OF CORRECTIONS
Discussed

 
1929 OK 520, 282 P. 882, 140 Okla. 63, 
TRAPP v. DYKES
Discussed

 
1996 OK 117, 940 P.2d 486, 67 OBJ 3131, 
Red Rock Mental Health v. Roberts
Discussed

 
2010 OK 3, 230 P.3d 853, 
ROGERS v. QUIKTRIP CORP.
Discussed at Length

 
2010 OK 12, 243 P.3d 1156, 
KEOTA MILLS & ELEVATOR v. GAMBLE
Discussed

 
2010 OK 75, 242 P.3d 534, 
PONCA IRON & METAL, INC. v. WILKINSON
Discussed at Length

 
2012 OK 8, 276 P.3d 989, 
IN THE MATTER OF THE GUARDIANSHIP OF STANFIELD
Discussed at Length

 
1925 OK 287, 235 P. 617, 108 Okla. 185, 
PINE v. STATE INDUS. COMM'N
Discussed

 
2013 OK 43, 305 P.3d 1004, 
STARKEY v. OKLAHOMA DEPARTMENT OF CORRECTIONS
Discussed

 
2014 OK 14, 321 P.3d 185, 
TULSA STOCKYARDS, INC. v. CLARK
Discussed

 
2014 OK 23, 326 P.3d 496, 
IN RE: INITIATIVE PETITION NO. 397, STATE QUESTION NO. 767
Discussed

 
1980 OK 56, 609 P.2d 1289, 
Lekan v. P & L Fire Protection Co.
Discussed

 
2015 OK 8, 345 P.3d 377, 
SHEPARD v. OKLAHOMA DEPARTMENT OF CORRECTIONS
Discussed at Length

 
2015 OK 26, 348 P.3d 1089, 
IN THE MATTER OF T.H.
Discussed

 
2015 OK 51, 353 P.3d 532, 
DUTTON v. CITY OF MIDWEST CITY
Discussed

 
2015 OK 64, 360 P.3d 499, 
BALL v. MULTIPLE INJURY TRUST FUND
Discussed at Length

 
2015 OK 78, 362 P.3d 222, 
MULTIPLE INJURY TRUST FUND v. SUGG
Discussed

 
2015 OK 84, 374 P.3d 773, 
MULTIPLE INJURY TRUST FUND v. MCCAULEY
Discussed

 
2015 OK 85, 364 P.3d 644, 
GOWENS v. BARSTOW
Discussed

 
2016 OK 41, 369 P.3d 1079, 
MAXWELL v. SPRINT PCS
Discussed

 
2016 OK 89, 381 P.3d 768, 
VASQUEZ v. DILLARD'S, INC.
Discussed at Length

 
2017 OK 13, 391 P.3d 111, 
BROWN v. CLAIMS MANAGEMENT RESOURCES INC.
Discussed at Length

 
2017 OK 68, 404 P.3d 829, 
YOUNG v. STATION 27, INC.
Discussed at Length

 
2018 OK 68, 428 P.3d 310, 
ENGLES v. MULTIPLE INJURY TRUST FUND
Discussed

 
2019 OK 2, 435 P.3d 109, 
KOHLER v. CHAMBERS
Discussed

 
2019 OK 11, 438 P.3d 358, 
MULLENDORE v. MERCY HOSPITAL ARDMORE
Discussed at Length

 
2020 OK 30, 465 P.3d 1213, 
FARLEY v. CITY OF CLAREMORE
Discussed

 
1980 OK 178, 620 P.2d 388, 
State ex rel. Bd. of Tax Roll Corrections of Tulsa County v. Mack Truck Sales of Tulsa, Inc.
Discussed

 
2020 OK 81, 474 P.3d 859, 
TOCH, LLC v. CITY OF TULSA
Discussed

 
2020 OK 88, 475 P.3d 862, 
IN THE MATTER OF THE ESTATE OF FORESEE
Discussed

 
2021 OK 7, 481 P.3d 883, 
IN THE MATTER OF THE ASSESSMENTS FOR TAX YEAR 2012 OF CERTAIN PROPERTIES
Discussed at Length

 
2021 OK 21, 507 P.3d 6099, 
STRACK v. CONTINENTAL RESOURCES
Cited

 
2022 OK 24, 507 P.3d 1245, 
BARNETT v. OKAY PUBLIC WORKS AUTHORITY
Discussed

 
2022 OK 32, 512 P.3d 333, 
IN THE MATTER OF THE INCOME TAX PROTEST OF RAYTHEON COMPANY
Discussed

 
2022 OK 39, 508 P.3d 449, 
S.K.W. v. STATE
Discussed

 
2000 OK 33, 10 P.3d 880, 71 OBJ 1159, 
Stidham v. Special Indemnity Fund
Discussed at Length

 
2000 OK 41, 5 P.3d 594, 71 OBJ 1292, 
Grant v. Goodyear Tire & Rubber Co.
Discussed

 
2022 OK 64, 518 P.3d 110, 
GHOUSSOUB v. YAMMINE
Discussed at Length

 
2023 OK 42, 528 P.3d 772, 
SCHLUMBERGER TECHNOLOGY CORP. v. PAREDES
Discussed

 
2023 OK 70, 532 P.3d 36, 
BERKSON v. STATE ex rel. ASKINS AS ADMINISTRATIVE DIRECTOR OF THE COURTS
Discussed

 
2023 OK 96, 
LEO v. OKLAHOMA WATER RESOURCES BOARD
Cited

 
1998 OK 2, 953 P.2d 329, 69 OBJ 208, 
McNEILL v. CITY OF TULSA
Discussed

 
1949 OK 65, 206 P.2d 184, 201 Okla. 400, 
STATE ex rel. COM'RS OF LAND OFFICE v. REYNOLDS
Cited

 
1949 OK 76, 206 P.2d 182, 201 Okla. 393, 
PETROLEUM MAINTENANCE CO. v. HERRON
Discussed

 
1999 OK 44, 981 P.2d 1253, 70 OBJ 1664, 
Taylor v. State Farm Fire and Casualty Co.
Discussed

 
1983 OK 57, 664 P.2d 388, 
Culbertson v. McCann
Discussed

 
1983 OK 66, 665 P.2d 315, 
Cowart v. Piper Aircraft Corp.
Discussed

 
1985 OK 49, 702 P.2d 48, 
Burdick v. Independent School Dist. No. 52 of Oklahoma County
Discussed

Title 51. Officers

 
Cite
Name
Level

 
51 O.S. 172, 
Authority to Insure to Not for Profit Corporations with Primary Purpose of Developing and Providing Water and Sewage Disposal
Discussed at Length

Title 85. Workers' Compensation

 
Cite
Name
Level

 
85 O.S. 172, 
Repealed
Discussed

Title 85A. Workers' Compensation

 
Cite
Name
Level

 
85A O.S. 8, 
Invalidity of Employee Waiver of Compensation - Exceptions
Cited

 
85A O.S. 30, 
Definition of "Physically Impaired Person"
Discussed at Length

 
85A O.S. 31, 
Multiple Injury Trust Fund
Cited

 
85A O.S. 32, 
Compensation - Attorney Fees
Discussed at Length

 
85A O.S. 87, 
Settlement of Claims
Cited

 
85A O.S. 78, 
Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA